MALKOWSKI, Appellant, vs. GRAHAM, Respondent.

*May 2—May 27, 1919.*

*Physicians and surgeons: Negligence: Proximate cause: Evidence:
    Master and servant: Injury to third person: Milwaukee civil
    court: Costs on appeal.*

1. In an action by a husband for loss of his wife's consortium, oc-
   casioned by the defendant physician's alleged negligence, the
   evidence is *held* insufficient to show that defendant was negli-
   gent in telling a woman employed by plaintiff to put a hot iron
   in the bed at the feet of plaintiff's wife, he having a right to
   rely upon such attendant's knowledge and that she would not
   so place the iron as to burn the patient.
2. Such direction of the physician did not create the relation of
   master and servant between the physician and such attendant.
3. Nor was such direction of the physician the proximate cause of
   an injury arising from the burning of the patient's feet, as the
   physician could not reasonably have anticipated that an ordi-
   narily prudent person would so place the iron as to burn the
   patient.
4. In an action instituted in the civil court of Milwaukee county
   and reversed in the circuit court on the defendant's appeal, it
   was not error to allow costs in the sum of $10 as motion fees
   on reversal of the judgment and also the costs incurred in the
   civil court.

APPEAL from a judgment of the circuit court for Milwau-
kee county: E. T. FAIRCHILD, Circuit Judge.   *Affirmed.*

This action was brought by the appellant, *Joseph Malkow-
ski,* to recover damages for loss of his wife's consortium,
occasioned by the alleged negligence of the respondent, a
physician.

The action was brought in the civil court of Milwaukee
county, and the jury returned a verdict in favor of the plaint-
iff and assessed his damages at $300.   Judgment was ren-
dered on the verdict in favor of the plaintiff for $300 dam-
ages, and costs.   Upon appeal from the civil to the circuit
court, on motion and without any new trial in the circuit
court, the judgment of the civil court was reversed and judg-
ment entered in respondent's favor dismissing the appellant's

complaint upon the merits and granting respondent costs in the sum of $88.44 against appellant, from which judgment this appeal was taken.

For the appellant there was a brief by *Nohl & Nohl* of Milwaukee, and oral argument by *Max W. Nohl.*

For the respondent there was a brief by *Joseph G. Hirschberg,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee, and oral argument by *Mr. Hirschberg.*

KERWIN, J.    The main question is whether the evidence was sufficient to support the verdict in the civil court finding the defendant negligent.

In considering the evidence in this case we are mindful of the established rule that if there is any credible evidence to support the verdict it cannot be disturbed.

The defendant denied practically all the material evidence relied upon by plaintiff.    So we shall treat the appellant's evidence as undisputed, since, if it is sufficient to support the verdict, the judgment appealed from must be reversed.

The defendant was called to perform an operation on plaintiff's wife and did so, while Mrs. Malkowski was under the influence of an anæsthetic, and after the operation placed her in bed while she was unconscious.    At the time of the operation one Mrs. Lenga was in the employ of plaintiff, or his wife, to take care of plaintiff's children, and at the request of defendant placed a hot stove-lid in the bed to warm it, which it is claimed burned Mrs. Malkowski's feet.    Mrs. Lenga was a married woman twenty-five years of age, had two children, was related to plaintiff, and was an intelligent, competent person, but had had no experience as a nurse.

After the operation was performed Mrs. Malkowski remained unconscious for about four hours, and the claim of plaintiff is that her feet were burned during that time by the stove-lid placed in the bed by Mrs. Lenga, and that the defendant was negligent in telling Mrs. Lenga to put the lid, which was too hot, in the bed with Mrs. Malkowski.

The evidence shows that after the operation defendant suggested that something hot be placed in the bed where Mrs. Malkowski was, to warm it for the purpose of relieving the patient from the shock of the operation.

The court below, in reversing the judgment of the civil court, filed an opinion in which he gives the material evidence of Mrs. Lenga as follows:

"Well, the doctor told me to get something hot, to put that in the bed, and I asked him if the irons would do, and he told me, well, put anything as long as it is hot. The doctor went into the other room and he was dressing up; I got some newspaper and put the lid in the paper and folded it up and picked it up, went to the other lady, who was right in the kitchen, told her the doctor told me to put something hot, and I told her that she should feel it; what do I know about it, she says—ask the doctor; I then turned and carried it over to the doctor, who was in the sitting room and was dressing; I waited until he pulled on his coat, I didn't wait long, just held it up to him and he felt and asked him if that was all right, and he says, yes, that is all right; put that in; and I says where, and he says, in the bed at her feet. The first iron I put by her feet." . . .

"*Q*. What did you do with the first iron? *A*. The first iron I put by her feet.

"*Q*. You carried it in and put it by her feet? *A*. By her feet.

"*Q*. Yes, and you agreed with *Dr. Graham* that it was nice and warm, didn't you? *A*. How?

"*Q*. And you agreed with *Dr. Graham* that it was just the right temperature? *A*. I don't understand the first.

"*Q*. That it was not too hot? *A*. Why sure, he told me it was all right, so I put it in.

"*Q*. You knew it was all right too, didn't you? *A*. Well, I wasn't sure, because I asked him if it was all right.

"*Q*. You didn't tell him it was very hot, did you? *A*. Why, I didn't say anything. I just says, if that is all right, that he should feel the iron, and he said it was all right.

"*Q*. And then you put it in at her feet? *A*. Yes, sir. Well, I asked him where to put the iron and he says, put it around by her feet."

Malkowski v. Graham, 169 Wis. 398.

There is no evidence in the record that defendant told Mrs. Lenga to put the irons on the feet of the patient.   Giving the evidence the most favorable construction for the appellant, it is that defendant told Mrs. Lenga to place the irons in the bed at or around the patient's feet, not upon her feet.

Moreover, Mrs. Lenga was as competent to judge whether the iron was hot enough to burn as was defendant, and was as competent to know that if it was hot enough to burn it should not be placed on the patient's feet.   Defendant had a right to rely upon Mrs. Lenga's knowledge and believe that she would not so place the iron as to burn the patient. Whether the iron was hot enough to burn was within the common knowledge of any person of the intelligence and experience of Mrs. Lenga.   The negligence, if any, upon the undisputed evidence, was the negligence of Mrs. Lenga, not the negligence of defendant.

But it is insisted that Mrs. Lenga was the agent of defendant and that the relation of master and servant existed.   The evidence does not support this theory.   Mrs. Lenga was in the employ of plaintiff or his wife.

It is further claimed that defendant was negligent in ordering Mrs. Lenga to place the hot iron in the bed.   We have referred to the evidence on this point and it falls short of ordering an iron hot enough to burn placed upon the feet of the patient.   The most that can be said in favor of the plaintiff's theory of the evidence is that the defendant told the person in charge of the patient and her children to keep her warm by placing warm or hot stove-lids in bed with her, and, construing this evidence in the most favorable light for the appellant, it could not mean that the iron was to be placed so as to burn the patient.   Clearly the defendant could not anticipate that anything of the sort would be done, hence one of the essential elements of proximate cause, namely, reasonable anticipation, was wanting in the proof.   The defendant could not have anticipated that an ordinarily prudent and in-

telligent person would so place the iron as to cause the injury complained of, and where there is no evidence to support the essential element of reasonable anticipation proof is not sufficient to make a case.    In order to charge the defendant with damages in the instant case it must appear from the evidence produced that the defendant ought to have anticipated that the persons in charge of the patient would place the iron in the bed at such a heat and temperature and in such a position against the body of the patient as to burn her.    On this point we are of opinion that there is no evidence sufficient to support the verdict, hence that defendant was not guilty of negligence.    *Hansen v. Superior M. Co.* 136 Wis. 617, 118 N. W. 180; *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338, 14 N. W. 446; *Barton v. Pepin Co. A. Soc.* 83 Wis. 19, 52 N. W. 1129; *Wolosek v. Chicago & M. E. R. Co.* 158 Wis. 475, 149 N. W. 201; *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735.

It is further contended that the court below was in error in allowing any costs in the circuit court in excess of $10.    It does not appear from the record that any circuit court costs were allowed in excess of $10, motion fees on reversal of the judgment, and this sum was properly allowed.    The other costs in excess of $10 were not circuit court costs, but civil court costs, and, so far as appears from the record, these costs were properly taxable in favor of the defendant in the civil court; therefore on reversal of the judgment in the circuit court he was entitled to have them taxed there.    *Scheiderer v. A. George Schulz Co., ante,* p. 6, 171 N. W. 660.

*By the Court.*—Judgment affirmed.