# C. L. MULLINER, AS ADMINISTRATOR OF THE ESTATE OF LAWRENCE GROTTE, DECEASED v. EVANGELISCHER DIAKONNIESSENVEREIN OF THE MINNESOTA DISTRICT OF THE GERMAN EVANGELICAL SYNOD OF NORTH AMERICA.[1]

January 9, 1920.

No. 21,518.

**Death — verdict sustained by the evidence.**

1. A pneumonia patient in defendant's hospital, suffering from delirium, was left alone in a second story room. A few minutes later the window was found open and the patient was lying dead on the ground below. This was sufficient evidence to sustain a finding that he was killed by the fall.

**Same — evidence of negligence.**

2. There is sufficient evidence that his death was due to negligence of defendant and its employees.

[1]Reported in 175 N. W. 699.

**Same — charitable corporations liable in damages.**

    3. Defendant is of the class commonly known as charitable corporations. Its hospital was founded and its buildings erected, partly by money donated, and partly by money borrowed. It is not maintained for profit, but most of its patients are pay patients, and the receipts for these patients largely exceed the cost of maintenance. Defendant is liable in damages for decedent's death.

Action in the district court for Rice county to recover $7,500 for the death of plaintiff's intestate. In its answer defendant set up that it was a private charitable corporation, its object and purpose, and that its work was wholly charitable and not for private profit, and expressly denied that the intestate's death was caused by carelessness, negligence or want of care on its part. The case was tried before Childress, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that defendant was a charitable corporation and not liable for the negligence of its agents, servants and employees to a patient in its hospital, and a jury which returned a verdict for $6,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

    *C. D. O'Brien* and *J. W. LeCrone,* for appellant.

    *Moonan & Moonan,* for respondent.

HALLAM, J.

1. Defendant operated a hospital in the city of Faribault. On February 27, 1918, Lawrence Grotte, a pneumonia patient, was taken to the hospital. He continued as a patient until about 6 a. m. on March 3 when, in delirium, he jumped from the window of a second story room and was killed. Plaintiff, as administrator of his estate, sued for damages, and recovered a verdict for $6,500. Defendant appeals.

There is sufficient proof of the cause of death. The fact is, deceased was left lying on his hospital bed. He was very ill, but his chances of recovery up to that time were "rather favorable." The nurse in charge left the room, leaving the window slightly open. Five minutes later the window was found wide open and deceased was lying dead on the ground below. The jury might well find that he was killed by the fall. In fact they could not well find otherwise.

2. There is sufficient evidence of negligence on the part of defendant and its employees. Deceased became delirious about' one o'clock in the morning of March 1. He became violent and got out of bed. The lady nurses could not control him, so they called a man, the janitor, and with his help put deceased in a restraining sheet. At 8 :30 in the evening of March 2 he again broke loose and walked down the hall. At 12 :30 a. m. March 3 he again broke loose. The evidence is that the tendency of patients in his condition is to try to escape through the first opening. At about 6 a. m. he was left alone in the room. The window was open five or six inches. The result was as above stated.

The nurse in charge testified that she felt that deceased needed watching; that he was in a dangerous condition where he might commit injury to himself; that if she had had more help she would have thought it proper to watch him closer, and that the only reason she did not watch him closer was that she had so much work that she could not do so. This evidence is sufficient to sustain a finding that defendant was negligent in failing to provide a sufficient number of attendants, and that the attendants were negligent in failing to exercise proper care for the patient's safety.

3. If this were a hospital maintained for the profit of the owners, liability for such negligence would be undoubted. When a patient enters such a hospital, knowing that the number of nurses is less than the number of patients, he may not expect constant attendance, but the patient is entitled to such reasonable attention as his safety may require. Meyer v. McNutt Hospital, 173 Cal. 156, 159 Pac. 436; Hoke v. Glenn, 167 N. C. 594, 83 S. E. 807, Ann. Cas. 1916E, 250; Hogan v. Hospital Co. 63 W. Va. 84, 59 S. E. 943; Fawcett v. Ryder, 23 N. D. 20, 135 N. W. 800; Wetzel v. Omaha M. & G. Hospital, 96 Neb. 636, 148 N. W. 582, Ann. Cas. 1915B, 1224; Stanley v. Schumpert, 117 La. 255, 41 South. 565, 6 L.R.A.(N.S.) 306, 116 Am. St. 202, 8 Ann. Cas. 1044. If the patient is temporarily bereft of reason, and is known by the hospital authorities to be in danger of self destruction, the authorities are in duty bound to use reasonable care to prevent such an act. Broz v. Omaha M. & G. Hospital, 96 Neb. 648, 148 N. W. 575, L.R.A. 1915D, 334.

A more serious question is whether a hospital corporation, constituted as is defendant, is liable to a patient for damages resulting from the neg-

ligence proven. Defendant corporation was organized for the maintenance of a private hospital. The ground upon which the hospital building stands was donated. The building was erected partly by money donated and partly by money borrowed. The corporation has no capital stock and pays no dividends. Its funds are used for the maintenance of the hospital. It is not a free hospital. It has a regular schedule of rates which patients are expected to pay. More than 95 per cent pay full rates. The remaining small percentage are free or partly free. The receipts from the pay patients exceed the cost of maintenance, including repairs, by more than $5,000 a year. Deceased was a pay patient.

Defendant comes within the class commonly known as charitable corporations. The fact that its patients pay for their accommodations does not make it otherwise. The distinguishing facts are that it is partly endowed by donation, and that it is not conducted for purposes of gain. 5 R. C. L. p. 373; McInerny v. St. Luke's Hospital Assn. 122 Minn. 10, 141 N. W. 837, 46 L.R.A.(N.S.) 548; Parks v. Northwestern University, 218 Ill. 381, 75 N. E. 991, 2 L.R.A.(N.S.) 556, 4 Ann. Cas. 103.

There are numerous carefully considered decisions holding that such a corporation is not responsible to a patient for the negligence of its employees. 5 R. C. L. 375; Union Pac. R. Co. v. Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L.R.A. 581; Powers v. Mass. Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L.R.A. 372; Hearns v. Waterbury Hospital, 66 Conn. 98, 33 Atl. 595, 31 L.R.A. 224; McDonald v. Mass. Gen. Hospital, 120 Mass. 432, 21 Am. Rep. 529; Downes v. Harper Hospital, 101 Mich. 555, 60 N. W. 42, 25 L.R.A. 602, 45 Am. St. 427; Duncan v. Nebraska, etc. Assn. 92 Neb. 162, 137 N. W. 1120, 41 L.R.A. (N.S.) 973, Ann. Cas. 1913E, 1127; Taylor v. Protestant Hospital Assn. 85 Oh. St. 90, 96 N. E. 1089, 39 L.R.A.(N.S.) 427; Lindler v. Columbia Hospital, 98 S. C. 25, 81 S. E. 512. There are a less number which sustain the rule of liability. Tucker v. Mobile Inf. Assn. 191 Ala. 572, 68 South. 4, L.R.A. 1915D, 1167; University of Louisville v. Hammock, 127 Ky. 564, 106 S. W. 219, 14 L.R.A.(N.S.) 784, 128 Am. St. 355; Galvin v. Rock Island Hospital, 12 R. I. 411, 34 Am. Rep. 675; Gilbert v. Corp. of Trinity House, L. R. 17 Q. B. Div. 795. See dissenting opinion, Lindler v. Columbia Hospital, 98 S. C. 25, 32, 81 S. E. 512.

The precise question is not foreclosed by decisions of this court. We

are free to adopt the rule which seems to us the more just. We respect the precedent of decisions of other states for the light which their reasoning may throw upon the question. In our own opinion the rule of liability seems to us best and we adopt it. Briefly stated, these considerations influence us.

The doctrine of respondeat superior, that is, that a person or corporation shall respond for damages caused by the negligence of one of its employees in the course of his employment, is the rule. It is founded on the doctrine that what one does through another, he does himself. Morier v. St. Paul, M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793. In general it is a salutary rule. If exception is to be made, there must appear affirmative ground for the exception.

In McInerny v. St. Luke's Hospital Assn. 122 Minn. 10, 141 N. W. 837, 46 L.R.A.(N.S.) 548, and Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705, this court held that, in an action brought by an employee against a charitable hospital association, for damages for injury caused by contact with machinery not guarded as required by statute, the rule of respondeat superior applies. We do not find any satisfactory ground for distinction between liability for an act or omission which disobeys a statute and one which disobeys a rule of the common law, and it is difficult for us to find any just reason for distinction between liability to an employee and liability to a patient.

One reason given for the rule of nonliability to patients is that, when a person enters a charitable hospital, he enters into a relation which exempts the association from liability for negligence of its servants in ministering to him, or, in other words, he assumes the risk of injury from such negligence. See Powers v. Mass. Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L.R.A. 372; Bruce v. Central M. E. Church, 147 Mich. 230, 110 N. W. 951, 10 L.R.A.(N.S.) 74, 11 Ann. Cas. 150; Adams v. University Hospital, 122 Mo. App. 675, 99 S. W. 453. As a matter of fact, the patient who enters a hospital has no thought of anything of that kind. His thought is that the hospital affords better facilities for caring for him than he has elsewhere at his command, and we see no reason why the assumption of such a risk should be imposed upon him. The same principle would exempt the hospital doctor, yet such exemption is not generally sustained. DuBois v. Becker, 130 N. Y. 325, 29 N. E. 313, 14

L.R.A. 429, 27 Am. St. 529;  Burnham v. Stilling, 76 N. H. 122, 79 Atl.
987;  Peck v. Hutchinson, 88 Iowa, 320, 55 N. W. 511;  Viita v. Fleming,
132 Minn. 128, 133, 155 N. W. 1077, L.R.A. 1916D, 644, Ann. Cas.
1917E, 678.  Men are not exempt from the consequences of negligence
though on a mission of mercy.  Kellogg v. Church Charity Foundation,
128 App. Div. 214, 112 N. Y. Supp. 566.

Another reason given is that, to subject the hospital corporation to
liability for negligence of its employees, would authorize the diversion of
the funds intrusted to it from the purposes for which they were given.
That contention applied with equal force in the McInerny case.  We
disposed of it there adversely to defendant's contention.  We do not dis-
cuss it further, except to say that the same ground of exemption would
exempt hospital corporations for the consequences of negligence in select-
ing employees.  Yet it is generally conceded that they are not so exempt.
5 R. C. L. 378, and cases cited;  McDonald v. Mass. Gen. Hospital, 120
Mass. 432, 21 Am. Rep. 529.  The same ground of exemption would ex-
empt them from liability to third persons for breach of contract or tort.
Yet no such exemption is recognized.  Roche v. St. John's Riverside Hos-
pital, 160 N. Y. Supp. 401;  Basabo v. Salvation Army, 85 Atl. 120;  5
R. C. L. 378.  The same ground of exemption would exempt churches
and other corporations maintained by public benefaction, but there is
no such exemption.  23 R. C. L. 459;  Bruce v. Central M. E. Church,
147 Mich. 230, 10 L.R.A.(N.S.) 74, 11 Ann. Cas. 150;  Hordern v.
Salvation Army, 199 N. Y. 233, 92 N. E. 626, 32 L.R.A.(N.S.) 62, 139
Am. St. 889;  Davis v. Central Congregational Society, 129 Mass. 367,
37 Am. Rep. 368.

Another reason urged is that such corporations do not come within the
main purpose of the rule of public policy which supports the doctrine of
respondeat superior, because they derive no gain from the service ren-
dered.  This contention does not seem to us a just one.  This corporation
must administer its functions through agents as any other corporation
does.  It harms and benefits third parties exactly as they are harmed or
benefited by others.  To the person injured the loss is the same as though
the injury had been sustained in a private hospital for gain.  In this
case, the deceased paid for the services he expected would be rendered,
but this may not be a controlling fact.  We do not believe that a policy of

irresponsibility best subserves the beneficent purposes for which the hospital is maintained. We do not approve the public policy, which would require the widow and children of deceased, rather than the corporation, to suffer the loss incurred through the fault of the corporation's employees, or, in other words, which would compel the persons damaged to contribute the amount of their loss to the purposes of even the most worthy corporation. We are of the opinion that public policy does not favor exemption from liability.

Order affirmed.