CLARENCE G. TIBBETTS *vs.* FRANK F. WENTWORTH.

SAME *vs.* ANNIE C. WENTWORTH.

Essex.    March 14, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence*, Of one controlling real estate, In use of elevator. *Agency*, Existence of relation, Liability of agent to third person.

In an action against a woman for personal injuries received by the plaintiff due to negligent lack of repair of an elevator upon which the plaintiff was riding, it was alleged in the declaration that the defendant owned the building, that the elevator was in her control, and that the defects arose through her negligence or the negligence of her agents. At the trial, on evidence most favorable to the plaintiff, it could have been found that the entire building was used by a corporation with the defendant's permission on the understanding that the corporation would pay the taxes, insurance and other expenses of keeping up the premises; that there was no lease in writing; that the corporation, though supposed to pay rent to the defendant, did not do so; and that the corporation rented part of the premises to another corporation, which paid it rent. The plaintiff did not contend that either of the corporations in possession of the building was merely a fraudulent cover under which the defendant carried on business. A verdict was

ordered for the defendant. *Held,* that the verdict properly was ordered, as no act or conduct of the defendant was shown which contributed to the plaintiff's injury.

The action above described was tried at the same time with an action against the husband of the defendant therein, the declaration in which was in three counts. In the first count the plaintiff alleged that the husband owned and occupied the building in which the plaintiff received injuries by reason of a defect in its ways, works and machinery, which arose out of or was not discovered or remedied through the defendant's negligence or the negligence of some person entrusted by him with the duty of seeing that such ways, works and machinery were in good condition. In the second count the plaintiff alleged that the defendant was president and treasurer of the corporation which, as above described, was given the entire use of the building, and had the duty to see that all ways, works and machinery were kept in safe and proper condition. In the third count it was alleged that the defendant was the agent of his wife, the defendant in the first action, with a similar duty. There was further evidence tending to show that this defendant as president, treasurer and general manager of the corporation which was given the use of the entire building, took care of repairs as they might be necessary and designated one man to attend to them and do the work of greasing the elevator ways. At the close of the evidence, a verdict was ordered for the defendant. *Held,* that the verdict rightly was ordered, as on the evidence the defendant stood merely as an agent or an officer of a corporation and was not liable for nonfeasance to any one but his principal or employer.

Two ACTIONS OF TORT for personal injuries due to the plaintiff's being caught by a cable of an elevator alleged to have been negligently suffered to be out of repair. Writs dated December 12, 1922.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence is described in the opinion. In each action, a verdict was entered for the defendant by order of the trial judge. The plaintiff alleged exceptions.

The case was submitted on briefs.

*T. S. Herlihy,* for the plaintiff.

*J. W. Sullivan & J. F. Doyle,* for the defendants.

WAIT, J. The plaintiff, in February, 1922, was caught and injured by the cable of an elevator negligently suffered to be out of repair. The building in which the elevator was located was owned by Annie C. Wentworth and was used in the business of the Unit Manufacturing Co., the plaintiff's employer, a corporation of which Frank F. Wentworth, husband of Annie C. Wentworth, was the president, treas-

urer, and general manager. The plaintiff brought three suits to recover for his injury; one against the Unit Manufacturing Co., one against Annie C. Wentworth, and one against Frank F. Wentworth.

The three actions were tried together in the Superior Court, where the trial judge directed verdicts for the defendants Annie C. Wentworth and Frank F. Wentworth. In the case against the Unit Manufacturing Co. a verdict was found for the plaintiff. It was agreed that judgments for like amounts might be entered for the plaintiff in the cases against the Wentworths if the judge erred in directing verdicts for the defendants. The cases are here on a single bill of exceptions for the two cases against the Wentworths alleging error in three rulings upon evidence made in the course of the trial, and in the allowance of the motions to direct verdicts for the defendants.

There was evidence to show that the plaintiff had been in the employ of the Unit Manufacturing Co. for about five years. In 1916, Annie C. Wentworth purchased the building in which the accident occurred. Later she transferred it to the Unit Manufacturing Co. which in December, 1920, reconveyed it to her, and at the time of the accident she held the legal title. Whether this reconveyance was authorized by the Unit Manufacturing Co. was in dispute. The Unit Manufacturing Co. used the building with her permission on the understanding that it would pay the expenses, taxes, insurance, etc., and would keep up the premises. There was no written lease, and though supposed to pay rent to her for use and occupation of the building, in fact, the corporation did not. It rented part of the premises to the Amesbury Specialty Company which used one floor and the elevator in its business and paid rent to the Unit Manufacturing Co. A written lease from the Unit Manufacturing Co. to the Amesbury Specialty Company had been prepared, and it was put in evidence by the plaintiff, but it had never been delivered, apparently, because no copy of a vote of the Unit Manufacturing Co. authorizing its execution had been obtained. This lease required the lessor, the Unit Manufacturing Co., " to maintain the stairways and the elevator

and entrances." Annie C. Wentworth did not receive any part of this rent.

Frank F. Wentworth, as president, treasurer, and general manager of the Unit Manufacturing Co., took care of repairs as they might be necessary, and designated one man to attend to them and to do the work of greasing the elevator ways. The foregoing is all the evidence material to the exceptions.

The declaration in the suit against Annie C. Wentworth alleged ownership of the building by her and injury from defects in an elevator in her control through her negligence or the negligence of her agents.

The judge was right in directing a verdict in her favor. If she was not owner of the building, clearly no liability on her part was shown by the evidence. If she was owner of the building, the uncontroverted evidence demonstrated that she was not in possession or control of any part of it; and equally clearly no liability on her part existed. No act or conduct of hers in any way contributed to the injury. The plaintiff made no claim that the Unit Manufacturing Co. or the Amesbury Specialty Company was merely a fraudulent cover under which she, in fact, carried on business or held property. *Conahan* v. *Fisher*, 233 Mass. 234. *Coman* v. *Alles*, 198 Mass. 99. *Rice* v. *Boston University*, 191 Mass. 30.

The declaration in the suit against Frank F. Wentworth was in three counts, alleged to be for the same cause of action. The first count alleged injury in a building owned and occupied by the defendant by reason of a defect in ways, works and machinery used in his business arising from or not discovered or remedied through his negligence or the negligence of some person entrusted by him with the duty of seeing that such ways, works, or machinery were in proper condition. The second count alleged that the defendant was president and treasurer of the Unit Manufacturing Co. in care of its business, with a duty to see that all ways, works, and machinery were kept in safe and proper condition, and that plaintiff was injured through the negligence of the defendant or of some one entrusted by him

with the duty of seeing that the ways, works, and machinery were kept in safe and proper condition. The third count alleged that the defendant was agent of Annie C. Wentworth, the owner of the premises, with a duty to care for all common passageways and entrances, elevators and stairways of the premises, but owing to his negligence or that of some one entrusted by him with the duty of seeing that said ways, works, or machinery were kept in safe and proper condition, the plaintiff was injured.

On this declaration the judge was right in directing a verdict for the defendant. There was no evidence to show that any act by Frank F. Wentworth in person in any way contributed to the injury. He had no connection with the premises except as agent for some other person. In some matters he acted for his wife, the owner, but none of them had any connection with this accident. He was an officer of the Unit Manufacturing Co., the occupant, and as such took care of repairs. He gave orders for the care of the elevator. There is no evidence to show anything more. No knowledge of failure to perform what he ordered is brought to him. No negligence of act of any kind by him is shown. There is no such participation in negligent action as was held to constitute something more than nonfeasance in the cases of *Corliss* v. *Keown*, 207 Mass. 149, 152, *Kalleck* v. *Deering*, 169 Mass. 200, *Osborne* v. *Morgan*, 130 Mass. 102, *Nowell* v. *Wright*, 3 Allen, 166, *Bell* v. *Josselyn*, 3 Gray, 309, and *Parsons* v. *Winchell*, 5 Cush. 592, 593, cited on the plaintiff's brief, or of *Shannon* v. *Shaw*, 201 Mass. 393, and *Proctor* v. *Dillon*, 235 Mass. 538.

On the evidence the case against him stands merely as that of an agent, or an officer of a corporation who is not liable for nonfeasance to any one but his principal or employer. *Brown Paper Co.* v. *Dean*, 123 Mass. 267. Moreover, the evidence fails to prove the essential allegations of the first and third counts. He was not the owner and occupant of the building and, as owner or occupant, charged with any duty to the plaintiff. He was not the agent of Annie C. Wentworth charged with any duty to care for common passageways, entrances, stairways and the eleva-

tor.    Equally it fails upon the second count; for the negligence in failing to inspect or to repair the elevator which led to the  ccident was of another person to whom the Unit Manufacturing Co., and not Frank F. Wentworth, stood in the position of superior.    The servant of the Unit Manufacturing Co., and not the servant of Wentworth, was the negligent person.

There is nothing in the exceptions relating to evidence, and they have not been argued by the plaintiff.    Though we have examined them, we treat them as waived.

*Exceptions overruled.*