GOLDIE OLSON v. HERBERT C. BOLSTAD.[1]

January 16, 1925.

No. 24,110.

**Physician not negligent.**

Defendant, called to attend plaintiff as a physician, directed that hot flat irons be placed about her. A woman employed by the plaintiff's husband to attend her wrapped up the irons and placed them in the bed. Two became unwrapped and plaintiff was badly burned. *Held* that defendant was not chargeable with negligence in relying upon the attendant to wrap them properly.

[1]Reported in 201 N. W. 918.

Action in the district court for Ramsey county to recover $10,000. The case was tried before Sanborn, J., who granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Orr, Stark & Kidder,* for appellant.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for respondent.

TAYLOR, C.

This action for malpractice was dismissed at the close of plaintiff's case on the ground that the evidence failed to show negligence on the part of the defendant. Plaintiff appealed from an order denying a new trial.

Defendant, a practicing physician, attended plaintiff in childbirth at her home. The child was safely delivered and he left. Some three hours later plaintiff, who was being cared for by Mrs. Frost, a licensed midwife, and by her mother and her husband, went into convulsions and defendant was again called. On seeing her condition, he said:

"Get all the hot water bottles and hot flat irons you possibly can and put on her at once—get her warmed up."

The husband procured 4 flat irons which Mrs. Frost heated, wrapped up and placed about plaintiff's person. Plaintiff was unconscious. Defendant after administering a hypodermic and giving her some further treatment, called an ambulance and directed that she be taken to the hospital. He left before the ambulance came, but met them at the hospital where they arrived about 11 o'clock in the evening. Some hours later plaintiff regained consciousness. The next morning it was found that she had been badly burned on the right breast and left leg. The evidence would permit a jury to find that two of the flat irons had become unwrapped and caused the burning.

The question presented is whether defendant is chargeable with negligence for failing to guard against the happening of such an accident. Plaintiff relies upon the case of Dalsgaard v. Meierding, 140 Minn. 388, 168 N. W. 584, as decisive of this question. In that

case hot flat irons had been placed at the feet of the mother by the doctor's direction. One of them slid toward the head of the bed and became unwrapped. The doctor, who had been stimulating the respiration of the new born child, placed it in the bed in such a position that its head rested against the hot iron and was badly burned. It was held that the finding of the jury that the doctor was negligent in not looking to see where or against what he placed the child was sustained by the evidence.

Defendant relies on the case of Malkowski v. Graham, 169 Wis. 398, 172 N. W. 785, 4 A. L. R. 1524. In that case the doctor had performed an operation on plaintiff's wife and, while she was still unconscious from the anaesthetic, a Mrs. Lenga, at the doctor's direction, wrapped up a hot stove lid and placed it at the patient's feet. She was burned. Mrs. Lenga had been employed by the plaintiff to take care of the children and attend his wife, but was without experience as a nurse. The court held that the negligence was the negligence of Mrs. Lenga, not of the doctor; that any person of common intelligence and experience was competent as the doctor to prepare and place the hot iron at the feet of the patient; and that he was not negligent in relying upon Mrs. Lenga to perform this service properly.

In the Dalsgaard case the doctor himself carelessly placed the child against the hot iron which he knew was in the bed. In the present case it is conceded that the doctor, although present, took no part in preparing, wrapping or placing the hot irons. His negligence, if any, consisted in the fact that he gave no attention to them after they were wrapped and placed about his patient by Mrs. Frost; that he did not look to see if any of them had become unwrapped or were likely to cause burns. The facts are similar to those in the Malkowski case, and the reasoning in that case applies equally to this. Mrs. Frost was a woman of 12 years' experience as a midwife who had been employed by plaintiff's husband to attend her at this time. Wrapping the irons so they would not burn and so the wrappings would remain in place required no professional skill. Mrs. Frost, or any person of common intelligence and experience, was competent to do it. We think it cannot be said that defendant

was guilty of negligence in trusting Mrs. Frost to perform this service and in relying upon her to perform it properly.

As the fact that he made no examination to see whether the irons were, and remained, properly wrapped is the only respect in which it is claimed that he was derelict, we think the learned trial court reached the correct conclusion and therefore affirm the order.