RENA F. WITHINGTON *vs.* CURTIS H. JENNINGS.

Worcester.    September 22, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Agency,* Existence of relation.    *Evidence,* Relevancy and materiality.

An action of tort cannot be maintained against a physician, employed by a hospital and in charge of its X-ray department, for personal injuries suffered by a patient of the hospital in treatment of his tonsils and due to a negligent failure to use a filter on the part of a medical student, who was not a licensed physician but who was an X-ray technician employed by the hospital for X-ray work, although the defendant had given the technical directions for the X-ray treatment of tonsils, if it

appears that the defendant was not consulted by the plaintiff, that the plaintiff did not see him on any of his visits to the hospital, and that he did not in any way participate in the operation on the plaintiff's tonsils.

At the trial of the action above described, it was proper to exclude as irrelevant and immaterial evidence offered by the plaintiff to show that the defendant's high reputation as an X-ray expert influenced the decision of the plaintiff to take X-ray treatment in his department at the hospital.

TORT for personal injuries suffered by the plaintiff while receiving X-ray treatment for her tonsils at Heywood Hospital at Gardner, where the defendant was in charge of the X-ray department.   Writ dated April 26, 1922.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence is described in the opinion.   At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. W. Morrison,* for the plaintiff.

*C. M. Thayer,* for the defendant.

CARROLL, J.   The plaintiff, by the advice of her family physician, went to the Heywood Hospital, a charitable institution, to have her tonsils removed by the X-ray method, on April 2, 1921.   She was introduced at the hospital to Dr. Meachen, who was not a licensed physician, but was the X-ray technician employed by the hospital for X-ray work. While administering the third treatment, on May 21, he neglected to use a filter, and as a result the plaintiff suffered an injury for which damages are claimed.

The defendant was employed by the hospital; he was in charge of its X-ray department, and received for his services one half of the fees paid to the hospital for X-ray work.   He was not consulted by the plaintiff and she did not see him at any of her visits to the hospital.   He testified that he specialized in X-ray work; that he prescribed X-ray treatments but did not administer them or take X-ray pictures; that this work was done at the hospital by Dr. Meachen, who was a third year medical student, employed by the hospital to do this and other work; that he gave Meachen directions for the X-ray treatment of tonsils; that the state of the art as "practised in the community in 1921 called for

a standardized dosage without examination by him of the patient"; that "it was not customary for physicians to administer X-ray treatments or take X-ray pictures; that this work was customarily done by persons having experience in using the X-ray machine," and he understood that "Meachen had considerable experience in this work before coming to the Heywood Hospital."

Meachen was not employed by the defendant; he was not the defendant's agent or servant. They were fellow employees of the Heywood Hospital. The defendant was not responsible for the neglect of Meachen in administering the treatment which was entirely in his control. The evidence does not show any negligent act of the defendant contributed to the plaintiff's damage; he did not participate in the operation, and was not liable for her injury. The verdict was directed for the defendant properly. *Tibbetts* v. *Wentworth,* 248 Mass. 468, 472. *Baker* v. *Wentworth,* 155 Mass. 338. *Hunner* v. *Stevenson,* 122 Md. 40. *Morrison* v. *Henke,* 165 Wis. 166. *Norton* v. *Hefner,* 132 Ark. 18. *Harris* v. *Fall,* 100 C. C. A. 497.

The cases relied on by the plaintiff are not applicable to the case at bar. The evidence offered by the plaintiff and excluded by the trial judge, that the defendant's high reputation as an X-ray expert influenced her decision to take the X-ray treatments in his department, was not material and was rightly excluded.

*Exceptions overruled.*