WINIFRED V. GUELL *vs.* BENJAMIN TENNEY.

Suffolk.    November 8, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Physician and Surgeon.    Negligence,* Of surgeon, Res ipsa loquitur.    *Evidence,* Presumptions and burden of proof, Matter of conjecture.

At the trial of an action of tort against a surgeon for not removing a sponge before closing an incision made by him in performing an operation on the plaintiff, it appeared that the operation was performed at a private hospital whose proprietorship was not shown; that at the time of the operation there were present an etherizer and two nurses employed by the hospital.    There was no evidence that any of the persons present at the operation were servants or agents of the defendant, or that the services rendered by the defendant in performing the operation were lacking in proper care and skill, or that, in the exercise of that degree of care and skill required of him, he could have discovered the sponge left in the plaintiff's body before completing the operation.    A verdict for the defendant was ordered.    *Held,* that

(1) The defendant could not be held responsible for negligence of the nurse in failing to keep count of the sponges;

(2) No inference of negligence of the defendant could be drawn from the fact that the sponge was not removed by him before the operation was completed, in the absence of evidence that in the exercise of reasonable skill he then could have discovered it;

(3) The doctrine *res ipsa loquitur* was not applicable;

(4) The verdict for the defendant properly was ordered.

TORT for personal injuries alleged to have been due to negligence of the defendant, a physician and surgeon.    Writ dated October 24, 1924.

In the Superior Court, the action was tried before *Whiting,* J.    Material evidence is stated in the opinion.    There was no evidence as to the proprietorship of Eliot Hospital.    At the close of the evidence, the judge ordered a verdict for the defendant.    The plaintiff alleged exceptions.

*W. F. McCormack,* for the plaintiff.

*M. J. Mulkern,* for the defendant.

CROSBY, J.    This is an action of tort against the defendant, a physician, for malpractice, in performing an operation upon the plaintiff, and in his care and treatment of her thereafter.

The plaintiff consulted the defendant at the Berkeley Infirmary, where he examined her and diagnosed her case as a chronic appendix. He advised an immediate operation and suggested that she go to the Eliot Hospital, a private hospital in Boston, for the operation. She was there operated upon by the defendant on October 10, 1923. She testified that there were present in the operating room the defendant, Dr. Moore, and two nurses; that she was etherized by Dr. Moore; that she continued after the operation to be attended by the defendant, and on December 20 following, it was discovered that a sponge which had been inserted in the wound at the time of the operation had not been removed; that the defendant was immediately sent for, and he removed the sponge and drained the wound; and that thereafter the plaintiff's condition improved.

The nurses who were present at the operation were employed by the hospital. There was no evidence to show that any of the persons present at the operation were servants or agents of the defendant; nor was there any evidence to show that the services rendered by the defendant in performing the operation of removing the appendix were lacking in proper care and skill. It may fairly be inferred that, in the performance of an operation of this character in a hospital, nurses are commonly present to assist the operating surgeon.

It is obvious that to close the wound without removing the sponge would well warrant a finding of negligence on the part of the person whose duty it was to see that the sponge was removed. Miss Eastwood, one of the nurses present at the operation, was called as a witness by the plaintiff and testified that she did not keep count of the sponges that were put in, but counted them when they came out and were thrown on the floor. She further testified that she did not put in the sponges and had no recollection as to the number used. As there was no evidence that the nurses or other persons present and assisting were servants or employees of the defendant, he cannot be held responsible for their failure to keep an accurate count of the sponges inserted and removed, and cannot be charged with negligence if he did

not while performing the operation also keep count of the sponges used.

There was no evidence warranting a finding that, in the exercise of that degree of care and skill required of him, he could have discovered the sponge left in the plaintiff's body before completing the operation; nor was there any evidence to show that his care and treatment of the plaintiff thereafter were unskilful or improper.   No inference of negligence of the defendant could be drawn from the fact that the sponge was not removed by him before the operation was completed, in the absence of evidence that he then in the exercise of reasonable skill could have discovered it.   Its presence with the resulting harm to the plaintiff is quite as likely to have been due to the fault of others as to negligence of the defendant.   *Carney* v. *Boston Elevated Railway,* 212 Mass. 179. *Deagle* v. *New York, New Haven & Hartford Railroad,* 217 Mass. 23.   *Gunning* v. *King,* 229 Mass. 177.

The doctrine of *res ipsa loquitur* is not applicable to the facts in this case as disclosed by the record.   A verdict was directed for the defendant properly.   *Baker* v. *Wentworth,* 155 Mass. 338.   *Tibbetts* v. *Wentworth,* 248 Mass. 468, 472. *Cross* v. *Albee,* 250 Mass. 170.   *Withington* v. *Jennings,* 253 Mass. 484, 486.

*Exceptions overruled.*