MARGARET WATSON *vs.* WILLIAM J. FAHEY.

Androscoggin.      Opinion, February 26, 1938.

*Cook, Hutchinson, Pierce & Connell*, for plaintiff.
*Locke, Campbell & Reid*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.    This case was withdrawn from the jury, and, with
the consent of the parties, is presented for final determination on a
report of the legally admissible evidence, in respect to which the
defendant introduced only certain of the exhibits.

On May 15, 1935, defendant, a surgeon, operated on plaintiff, a
widow in middle life, as his private patient, in the Central Maine
General Hospital, owned by a corporation and located in Lewiston
in this state. The operation was divided into two principal parts,
one vaginal and the other abdominal. The patient assenting, the
hospital was selected, and she was taken there, that the facilities of
the institution, inclusive of its anesthetist and its nurses, might be,
wholly at her individual expense, available.

This suit is on the theory that, had defendant, in operating, ex-
ercised due care, he would have known, or tantamount thereto,
ought to have known, of the presence on the plaintiff's left chest
and breast, for no purpose, but to resultant harm, of a "pack-off."

The pack-off consisted of gauze, about five yards in length,
folded on itself to the approximate size of six by nine inches, en-
closed in a cloth bag; the whole had been saturated in excessively
hot water.

Pack-offs are used, for illustration, in walling the intestine, and
keeping the abdominal cavity, as an operating field, clear. It seems
to be conceded that, in connection with the particular type of
operation performed, they are, as a usual thing, unnecessary.

The counts in the declaration in the writ, if evidentially supported, would allow these contentions: (1) the cause of action arose from injury directly ascribable to the negligence of the defendant; (2) he, as principal or master, should answer for the damage done by his agents or servants.

From the evidence, a jury could properly infer that, while the plaintiff was yet on the operating table, and insensible with ether, the pack-off, bag and all, was laid on top of alternating layers of towels and sheets then already on her abdomen. That thereby the woman was burned is not seriously in question.

The testimony as disclosed by the printed case is without conflict.

There is nothing warranting a finding that the defendant placed the pack-off on his patient's person. Nor is there any showing that, in the exercise of that degree of care and skill required of him, with constant guard against possible complexities, he could have discovered the pack-off. Its application does not appear to have been known to him until his patient was back in her own hospital room, when the fact that she had been burned was called to his attention.

The presence of the appliance is quite as likely to have been due to the fault of others, as to any act, either of commission or of omission, of the defendant. Conjecture affords no proof. *Emery* v. *Fisher*, 128 Me., 453, 148 A., 677.

Strikingly similar to this in essential principles is *Guell* v. *Tenney*, 262 Mass., 54, 159 N. E., 451.

In that case, one of tort against a surgeon who, at a private hospital, operated for appendicitis, and, allegedly, did not remove a sponge before closing the bodily incision made, the opinion says:

"The nurses who were present at the operation were employed by the hospital. There was no evidence to show that any of the persons present at the operation were servants or agents of the defendant . . . It may fairly be inferred that, in the performance of an operation of this character in a hospital, nurses are commonly present to assist the operating surgeon."

"As there was no evidence that the nurses or other persons present and assisting were servants or employees of the de-

fendant, he cannot be held responsible for" any negligence on their part.

The thesis of the plaintiff is too broad. The doctrine of *respondeat superior* does not apply. Judgment should go for defendant.

*The case is so decided.*