## SAINT PAUL-MERCURY INDEMNITY COMPANY v. ST. JOSEPH'S HOSPITAL.[1]

June 12, 1942.

No. 33,194.

*Oppenheimer, Hodgson, Brown, Donnelly & Baer,* for appellant. *Weyl & Weyl,* for respondent.

[1]Reported in 4 N. W. (2d) 637.

LORING, JUSTICE.

In an action for contribution against defendant hospital, plaintiff recovered a verdict for $1,940.63. The trial court granted defendant's motion for judgment notwithstanding the verdict, judgment was entered, and plaintiff appeals.

The material facts are not in controversy. Lorraine Shafer selected and entered St. Joseph's as a surgical patient October 24, 1938. She paid for her room and also for the use of the operating room. She was operated on for appendicitis by her own doctor. He was assisted during the operation by four nurses, all employes of the hospital assigned to that particular operation. During the course of the operation the doctor called for some "warm water" with which he intended to irrigate the wound. Water was given him by one of the nurses, but he refused it because it was too hot. A nurse then brought another receptacle of water from an adjoining room. The doctor tested it by putting his finger in it. He testified that he thought it was cool enough. Either he or one of the nurses under his direction poured the water into the wound. The water proved to be too hot and burned plaintiff. She brought suit against the doctor and the hospital for $20,654.15, and the doctor's insurance company, plaintiff here, settled with her for $3,750. Defendant refused to participate in the settlement. The doctor assigned all his rights to the plaintiff. Plaintiff admits that the doctor was negligent, and brought this action seeking contribution on the theory that the nurse or nurses were also negligent and that defendant was jointly liable with the doctor as their employer.

The case was tried before a jury and the questions of whether the nurses were negligent and whether defendant or the doctor was liable for their acts were submitted to it. The only question that we need consider is whether the hospital can be held liable for the acts of its nurses while they were assisting the doctor during the operation.

It is well established in this state that a hospital, private or charitable, is liable to a patient for the torts of its employes un-

der the doctrine of *respondeat superior*. Mulliner v. Evange-lischer Diakonniessenverein, 144 Minn. 392, 175 N. W. 699; Bor-wege v. City of Owatonna, 190 Minn. 394, 251 N. W. 915. It fol-lows logically that a doctor is also liable, on the same theory, for the negligence of a nurse in his employ. Aderhold v. Bishop, 94 Okl. 203, 221 P. 752, 60 A. L. R. 137.

The problem, then, is simply one of master and servant—whether the nurses at the time of the alleged negligence were the em-ployes of the doctor or of the hospital. Concededly, they were in the general employ and pay of the hospital and assigned by it to assist in the operation. However, the acts complained of occurred *during* the operation, were ordered and checked by the operating surgeon, and were of such a nature that, according to his testi-mony, the nurses while performing them were under his absolute control.

In Aderhold v. Bishop, *supra,* the operating surgeons were held liable for the negligent acts of assisting nurses, general employes of the hospital, during an operation. The court pointed out (94 Okl. 206, 221 P. 755, 60 A. L. R. 137):

"* * * the true test of the existence of the relation of master and servant in a given case does not depend upon whether the servant was in the general employ of the master, but upon whether the master actually exercises supervision and control over the servant during the time he uses such servant. A general master may loan the service of his employe to another for a specified pur-pose and for a short period of time, in which case the individual to whom such general servants are let is the master and re-sponsible for their negligent acts so long as he exercises actual supervision over them."

Also, the following portion of Western Union Tel. Co. v. Rust, 55 Tex. Civ. App. 359, 120 S. W. 249, was cited therein:

"Where a servant has two masters, one general and one special, the latter, if having the power of direction or control, is the one responsible for the servant's negligence."

The desirability of the rule is obvious. The patient is completely at the mercy of the surgeon and relies upon him to see that all the acts relative to the operation are performed in a careful manner. It is the surgeon's duty to guard against any and all avoidable acts that may result in injury to his patient. See Aderhold v. Bishop, 94 Okl. 203, 207, 221 P. 752, 60 A. L. R. 137.

We have carefully considered the cases from other jurisdictions relied upon by plaintiff. Many involve acts by hospital employes performed either before or after an operation or in the course of treatment and are clearly distinguishable on their facts. However, some do hold *contra* as to the operating surgeon's liability. None of the latter are binding upon this court and are for the most part devoid of logical foundation, see for example Blackburn v. Baker, 227 App. Div. 588, 237 N. Y. S. 611, affirmed, 256 N. Y. 540, 177 N. E. 131, and Guell v. Tenney, 262 Mass. 54, 159 N. E. 451, and consequently are not persuasive. Olson v. Bolstad, 161 Minn. 419, 201 N. W. 918, and Walker v. Holbrook, 130 Minn. 106, 153 N. W. 305, were malpractice cases in which only the personal negligence of the physician in charge was in issue. They are not controlling here.

Plaintiff contends that even though the doctor is responsible for the nurses' acts, the hospital is also liable as "joint master." Though this precise question was not raised in Aderhold v. Bishop, *supra,* the language of the opinion indicates that the doctor alone was liable. The court quoted Brady v. C. & G. W. R. Co. (8 Cir.) 114 F. 100, 57 L. R. A. 712:

"The power of control is the test of liability under the maxim respondeat superior. If the master cannot command the alleged servant, then the acts of the latter are not his, and he is not responsible for them. If the principal cannot control and direct the alleged agent, then he is not his agent." 94 Okl. 206, 221 P. 755, 60 A. L. R. 137.

The rule is plain that when the general employer assigns his servant to duty for another and surrenders to the other direction

and control in relation to the work to be done, the servant becomes the servant of the other insofar as his services relate to the work so controlled and directed. His general employer is no longer liable for the servant's torts committed in the directed and controlled work. In the operating room the surgeon must be master. He cannot tolerate any other voice in the control of his assistants. In the case at bar the evidence is clear that the doctor had exclusive control over the acts in question, and therefore the hospital cannot be said to have been a "joint master" or "comaster," even though the nurses were in its general employ and paid by it. Ramsey v. New York Cent. R. Co. 269 N. Y. 219, 199 N. E. 65, 102 A. L. R. 511; Hillyer v. Governors of St. Bartholomew's Hospital [1909] 2 K. B. 820, 826.

Judgment affirmed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.