HOWARD *v.* SOUTH BALTIMORE GENERAL
HOSPITAL

[No. 31, October Term, 1948.]

*Decided December 9, 1948.*

618

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Ginsberg & Ginsberg* and *Harry Leeward Katz* for the appellant.

Submitted on brief by *Harry W. Allers, A. Frederick Taylor* and *Roland C. Ready* for the appellee.

Brief *amici curiae* filed by *Joseph Bernstein, J. Crossan Cooper, Jr., William L. Calvin* and *Simon E. Sobeloff* for Maryland Hospital Service, Inc., Associated Catholic Charities, Inc., Associated Jewish Charities and Community Chest of Baltimore, Inc.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for the defendant in the Superior Court of Baltimore City, after the court had sustained a demurrer to an amended declaration. The action was to recover for personal injuries sustained as a result of negligence on the part of a servant of the hospital corporation, while the plaintiff was a paying patient therein. A second count sought to recover damages limited to a sum not greater than the defendant corporation would be able to pay out of surplus funds, income and property, as distinguished from endowment or maintenance funds. The demurrer is based upon the conceded fact that the defendant is an eleemosynary corporation, and as such enjoys immunity from tort liability.

The principle that charitable corporations are free from tort liability has long been a basic part of the law of this state. It was first established in *Perry v. House of Refuge*, 63 Md. 20, 52 Am. Rep. 495, and reaffirmed in *Loeffler v. Trustees of Sheppard & Enoch Pratt Hospital*, 130 Md. 265, 100 A. 301, L. R. A. 1917D, 967. The ap-

pellant contends that those cases were wrongly decided, and are out of line with the modern trend, citing *Mulliner v. Evangelischer Diakonniessenverein of Minnesota District of German Evangelical Synod of North America,* 144 Minn. 392, 175 N. W. 699; *President and Directors of Georgetown College v. Hughes,* 76 U. S. App. D. C. 123, 130 F. 2d 810, and other cases. He also contends that the Maryland doctrine was originally based upon a dictum of Lord Cottenham in *Heriot's Hospital v. Ross,* 12 Clark & Fin. 507, and *Duncan v. Findlater,* 6 Clark & Fin. 894, which was subsequently overruled in *Mersey Docks Trustees v. Gibbs,* L. R. 1 H. L. 93, and *Forman v. Mayor of Canterbury,* L. R. 6 Q. B. 214. Whatever the merits of the argument as an original proposition, we are not warranted in overruling our prior decisions. There are special reasons why the doctrine of *stare decisis* should be adhered to in this case. To withdraw immunity from this type of corporation at this time would be an act of judicial legislation in the face of a contrary policy declared by the legislature itself.

Not only has the legislature granted exemptions to charitable corporations from various forms of taxation, in order that their field of usefulness might be enlarged, but it has made direct appropriations to the same end. To establish a liability at this time would run counter to legislative policy and increase potential demands upon the State.

In 1947, House Bill 99 proposed, in its original form, to estop any charitable corporation from pleading as a defense to tort claims the fact that it was such an institution, and further provided that the liability should not exceed the amount of liability insurance carried. The bill failed of passage (Senate Journal p. 1462). S. B. 411, at the same session, was introduced as a substitute (Senate Journal p. 1408) and was adopted as § 68B of Art. 48A, Acts 1947, ch. 900. This Section provides that "each policy issued to cover the liability of any charitable institution for negligence or any other tort shall contain a provision to the effect that the insurer shall be estopped

from asserting, as a defense to any claim covered by said policy, that such institution is immune from liability on the ground that it is a charitable institution." It is clear that the legislature has accepted the doctrine announced by this court and dealt with the matter in its own fashion. The plaintiff here has not brought himself within the terms of the section quoted.

The appellant attempts to distinguish the Maryland cases cited on the ground that the plaintiff in the *House of Refuge* case was an incorrigible boy, sent to the reformatory at public expense, and in the *Sheppard & Enoch Pratt Hospital case,* a city fireman injured on account of a known defect in premises owned by the hospital. But we think the fact that the plaintiff in the case at bar was a "pay patient", injured through negligence of a servant, is without significance. We think the cases cited are controlling.

*Judgment affirmed, with costs.*