**FLEMING, Adm'r of Wage and Hour Division, United States Department of Labor, v. GREGORY.**

No. 397.

District Court, E. D. Louisiana, New Orleans Division.

Jan. 21, 1941.

Gerard D. Reilly and Irving J. Levy, both of Washington, D. C., and D. Douglas Howard, of New Orleans, La., for plaintiff.

K. K. Miazza, of New Orleans, La., for defendant.

CAILLOUET, District Judge.

The motion to dismiss the complaint, "on the ground that it does not set forth a cause of action upon which relief can be granted", is based upon the mover's contention that, by reason of the contract made and entered into with him by the United States for the carrying of the mails, as the same is alleged in paragraph 3 of the complaint, mover is a public agent of the United States in the discharge of his contractual obligations, and further, all persons employed by him in order that he may effectively comply with his contractual obligations, also become public agents of the United States, and so being, are actually "employees" of the United States; for which reason, so mover contends, the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A., § 201 et seq. are not applicable to him, since the United States, and not himself, is in reality the "employer" of mover's hired help.

If such contention were correct, then the motion to dismiss would be justified, inasmuch as Section 3 of the said Fair Labor Standards Act of 1938, § 203, 29 U.S.C.A. specifically excludes the United States as "employer" from the effect and operation of its provisions. But it does not appear reasonable, nor is it justified by any of the authorities cited by the mover, to conclude that under the facts alleged in the complaint, and which, for the purpose of considering said motion, must be accepted as true, the private mail contractor's hired help automatically become employees of the United States. Under the definition of "employee" contained in the Act, none of such hired help can be employees of the United States unless they were employed by the United States, as "employer". All that the United States has done is to make a contract for the carrying of the mail with the mover, and he, in order to carry out said contract (for which he alone is responsible), has hired or "employed" the persons referred to in the complaint; they are his "employees", and such being the case, his motion to dismiss the complaint must be, and it is hereby, denied.