## NATIONAL LABOR RELATIONS BOARD v. CARROLL.

### No. 3672.

Circuit Court of Appeals, First Circuit.
June 11, 1941.

Edward Schneider, Regional Atty., of Boston, Mass. (Robert B. Watts, Gen. Counsel, Laurence A. Knapp, Associate Gen. Counsel, Ernest A. Gross, Asst. Gen. Counsel, and Hilda D. Shea, all of Washington, D. C., and Lester Asher, of Chicago, Ill., on the brief), for N. L. R. B.

No attorney for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of an order against William H. Carroll dated January 31, 1941. 49 Stat. 454, 29 U.S.C.A. § 160. In a stipulation filed with the Board the respondent expressly consented to the issuance of the order and, upon application by the Board, to the enforcement of such order by the appropriate circuit court of

458

appeals, subject only to the reservation by the respondent of "the right to contest before any appropriate court the applicability of the National Labor Relations Act to Respondent and the employees of Respondent, and by reason of the aforesaid the jurisdiction of the National Labor Relations Board and appropriate Circuit Court of Appeals to enter against the Respondent the Order and Decree" set forth in the stipulation. Apart from this, respondent waived "any and all other rights to contest the validity and propriety of the Order and the entry of said Order and Decree by the Board and the appropriate Circuit Court of Appeals." The Board entered the order provided for in the stipulation, after making findings of fact with reference to the applicability of the Act to respondent's operations, which were fully described in testimony before the Board.

The only question before us is whether the respondent is subject to the Act. At the argument before us respondent did not appear, either in person or by counsel, nor has he filed any brief.

With respect to the business of the respondent the Board found as follows:

Pursuant to a contract with the United States executed for and during the term beginning July 1, 1937, and ending June 30, 1941, the respondent, William H. Carroll, is engaged in the transportation of mail by truck to and from the United States Post Office at Lynn, Massachusetts, the Lynn railroad depot, and other branch offices located at East Lynn, West Lynn, Saugus, Swampscott, and Nahant, Massachusetts, all of which are within the Lynn postal district. The respondent owns and operates five motor trucks and employs four regular drivers, other than himself, in the performance of the duties outlined above.

Under the terms of the contract, the respondent is required to furnish a bond conditioned upon the faithful performance of the services contracted for. Drivers employed by the respondent must meet certain minimum age and educational standards, and are required to take an oath prescribed by the Post Office De-

partment and to wear a standardized cap or hat, with badge. The contract further provides that "drivers furnished by contractors for the services of carrying the mails will be required to load and unload the mails under the direction of authorized representatives of the Post Office Department" and that "the drivers' motor vehicles and services are to be at all times under the control of the postmaster and are to be operated under such schedules as the postmaster may prescribe". Other than these general limitations, and the additional provision that the postmaster may "require the contractor to suspend a driver from duty for inefficiency or other serious delinquency," the contract embodies no restrictions upon the freedom of the respondent to employ whomsoever he chooses. The respondent may likewise discharge his employees at will, and has sole authority to fix their hours of work, rates of pay, and other conditions of employment.

On the basis of the stipulation and the entire record the Board found that the respondent is an employer within the meaning of § 2(2) of the Act, 29 U.S.C.A. § 152(2), and that his above-described operations constitute a continuous flow of trade, traffic and commerce among the several states, within the meaning of the Act.[1]

It is clear, under the facts disclosed, that the respondent is an independent contractor and that the truck drivers hired by him are his employees and not employees of the United States. Such has been the holding as to the status of private mail contractors under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Fleming v. Gregory, D.C., 36 F.Supp. 776. For a similar ruling under the Social Security Act, 42 U.S.C.A. § 301 et seq., see Social Security Act, Bureau of Internal Revenue Rulings, XVI–42–8992, S.S.T. 205, Internal Revenue Bulletin, Cumulative Bulletin 1937–2, pp. 438–440. See also Buckstaff Bath House Co. v. McKinley, 308 U.S. 358, 362, 363, 60 S.Ct. 279, 84 L.Ed. 322.

A decree will be entered enforcing the order of the Board.

[1] The record contains ample evidence of the interstate character of the large volume of mail transported by respondent pursuant to the contract.