**UNITED STATES of America,**
**Appellant,**

v.

**James R. PIERCE, Appellee.**

**No. 12695.**

United States Court of Appeals
Sixth Circuit.

June 29, 1956.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., Paul A. Sweeney and Alan S. Rosenthal, Washington, D. C., for appellant.

Joe Van Deveer, Chattanooga, Tenn., for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

Appellee, an electric lineman, was severely injured while aiding in the replacement of guy wires on a junction pole in an electrical substation at the Volunteer Ordnance Works, a government owned munitions plant near Chattanooga, Tennessee. The case was tried to the court, which found that the government was negligent in erecting and maintaining the substation in a condition hazardous to workmen, due, together with other circumstances, to the close proximity of a riser to the power pole and to the grounding of the upper portion of a guy wire just above appellee's head as he was working.

The government in its prime contract reserved control of the operations in the following provisions:

"That the work shall be done all in accordance with the drawings and specifications or instructions contained in Appendix 'A' attached and made a part hereof or to be furnished hereafter by the Contracting Officer and subject in every detail to his supervision, direction and instructions."

"Contracting Officer's Decisions.

"The extent and character of the work to be done by the contractor shall be subject to the general supervision, direction and control and ap-

proval of the Contracting Officer to whom the contractor shall report and be responsible."

The court found that the government, which had possession of the premises through its agencies, failed to take adequate precautions to protect workmen on the power lines and that this constituted negligence of the government's employees. Judgment was rendered for plaintiff.

In its memorandum opinion the District Court made elaborate findings of fact and conclusions of law. It carefully considered and discussed the numerous contentions of the government reiterated in this court. While all points raised have been fully considered here we deem it unnecessary to repeat what the District Court has so thoroughly covered. The findings of fact are supported by the record and the conclusions of law are in accordance with the applicable statute and decisions.

The judgment is affirmed upon the grounds and for the reasons stated in the memorandum opinion of the District Court, 142 F.Supp. 721.