## Edith Minogue v. The Rutland Hospital, Inc.

(125 A2d 796)

October Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 2, 1956.

*Ryan, Smith & Carbine* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

**Adams, J.** This is a tort action for damages resulting from injuries claimed to have been received by reason of alleged negligence of a registered nurse employed by the defendant, while the plaintiff was a patient in the defendant's hospital. Trial was by jury with a verdict and judgment for the plaintiff. The case is here on exceptions of the defendant to the refusal of the trial court to grant its motion for a directed verdict. The first ground of the motion is that on the evidence, the nurse at the time of the injury was the servant and agent of the plaintiff's doctor, even though in the general employment of the defendant.

The evidence as to the material facts is not conflicting. It

discloses that the plaintiff, who was pregnant, was admitted to the defendant's hospital, as a patient, on January 20th 1954 at 12:45 A. M. At that time she was in labor and was taken to the labor room in the obstetrical department. There she was attended by two nurses, both of them employed by the defendant and paid by it and one of whom was a registered nurse. Later the plaintiff was taken by those two nurses to the delivery room. She was also accompanied by the doctor who had been selected by the plaintiff to attend her at the time of her delivery and who was not an employee of the defendant and who was present in the labor room at that time.

The plaintiff was delivered of a child at 5:58 A. M. It was a normal delivery. Her doctor was in charge of the delivery with these same two nurses assisting him. During the delivery, the doctor directed the registered nurse to apply pressure. This nurse, in compliance with that direction, applied pressure to both sides of the plaintiff's body on her ribs. The plaintiff testified that the pressure on her left side was so extreme that it felt as though her ribs were being broken and she said, "You are breaking my ribs." The next day the plaintiff complained of pain in the area where the pressure had been applied. An x-ray was taken and it disclosed a fracture of the anterior end of the 9th left rib and also an old fracture of the 8th left rib.

The fee paid by the plaintiff to the defendant for its hospital facilities included the use of the obstetrical department and delivery room and the nurses in attendance there. The plaintiff's doctor, who was in charge of the delivery, had supervision of the nurses while they were in the delivery room.

We are confronted by the facts here with a question that, to our knowledge, has not been passed upon in this jurisdiction. We, therefore, look to the general principles pertaining to the relationship of master and servant and also examine cases from other jurisdictions where the courts in somewhat analogous cases have considered these same general principles. We then will apply them to the facts here presented.

The really essential element in the relationship of master and servant is the right of control. 35 Am Jur, Master and Servant, §3, p. 445. The master test is;- Who has the right to

control the offending servant in the performance of his work at the time in question? *Ready* v. *Peters*, 119 Vt 10, 14, 117 A2d 374, and cases cited.

In determining whether a person is the servant of another, the essential test is whether he is subject to the latter's control or right of control with regard not only to the work to be done but also to the manner of performing it. The true criterion is the existence of power to control the employee at the time of the commission of the negligent act. *McConnell* v. *Williams*, 361 Pa 355, 65 A2d 243.

A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services; he may become the other's servant as to some acts and not as to others. Rest. Agency, §227. The important question is not whether he remains the servant of the general employer as to matters generally, but whether as to the specific transaction in question, he is acting in the business of and under the direction of the one or the other. Rest. Agency, §227, comment a.

Where a servant has two masters, a general and a special one, the latter, if having the power of direction or control, is the one responsible for the servant's negligence. *Western Union Teleg. Co.* v. *Rust*, 55 Tex Civ App 359, 120 SW 249.

"Where one person puts his servant at the disposal and under the control of another for the performance of a particular service for the latter, the servant, in respect of his acts in that service, is to be dealt with as the servant of the latter and not of the former. This rule is elementary and finds support in a large number of decisions * * *. We must carefully distinguish between authoritative direction and control or mere suggestion as to details or the necessary cooperation when the work presented is part of a larger undertaking." *Denton* v. *Yazoo & M. V. R. Co.*, 284 US 305, 52 S Ct 141, 142, 76 L Ed 310.

Nurses, in the discharge of their duties, must obey and diligently execute the orders of the physician or surgeon in charge of the patient, unless, of course, such order is so ob-

viously negligent as to lead any reasonable person to anticipate that substantial injury would result to the patient from the execution of such order on performance of such directions. *Byrd* v. *Marion General Hospital*, 202 NC 337,162 SE 738.

"While the head nurse and her assistants were the general employees of the El Reno Sanitarium they were, nevertheless, during the time assigned for the actual operation, under the direction and supervision of the operating surgeons and were the servants of the operating surgeons in respect to such services as were rendered by them in performance of the operation. * * *" The court then applied what it called the true test—not the fact of general employment, but the actual super vision and control at the time in question. *Aderhold* v. *Bishop*, 94 Okl 203, 221 P 752, 754, 60 ALR 137.

■ While the assisting physicians and nurses may be employed by the hospital or engaged by the patient, they normally become the temporary servants or agents of the surgeon in charge while the operation is in progress. *Ybarra* v. *Spangard*, 25 Cal 2d 486, 154 P2d 687, 162 ALR 1258.

In *St. Paul-Mercury Indemnity Co.* v. *St. Joseph's Hospital*, 212 Minn 558, 4 NW 2d 637,639 the court said, "The rule is plain that when the general employer assigns his servant to duty for another and surrenders to the other direction and control in relation to the work to be done, the servant becomes the servant of the other insofar as his services relate to the work so controlled and directed. His general employer is no longer liable for the servant's torts committed in the directed and controlled work. In the operating room, the surgeon must be the master. He cannot tolerate any other voice in the control of his assistants."

See also the following cases where the same rule is expressed and approved. *Wallstedt* v. *Swedish Hospital*, 220 Minn 274, 19 NW2d 426; *Randolph* v. *Oklahoma City General Hospital*, 180 Okla 513, 71 P2d 607; *Jordon* v. *Touro Infirmary*, La. App., 123 So 726; *Emerson* v. *Chapman*, 138 Okla 270, 280 P 820; *Davis* v. *Potter*, 51 Idaho 81, 2 P2d 318; *Simmons* v. *Northern Pac. Ry. Co.*, 94 Mont 355, 22 P2d 609; *Ales* v. *Ryan*, 8 Cal 2d 82, 64 P2d 409. See also Anno. 60 ALR 147.

The plaintiff relies upon the case of *St. Luke's Hospital Assoc.* v. *Long*, 125 Colo 25, 240 P2d 917, 31 ALR2d 1120. It is not factually in point. There a three year old child was, after an operation, placed by a hospital nurse in an adult-size bed with rails on each side. His body slipped through the rails and he became strangled. The court in holding the hospital liable was careful to point out that the case did not involve the acts of the nurse in obeying the instructions of a physician or her acts in a professional capacity, but rather administrative acts and omissions in carrying out the obligation of the hospital as to furnishing adequate equipment and bestowing adequate attention to the needs of the child.

She also relies upon *Stuart Circle Hospital Corp.* v. *Curry*, 173 Va 136, 3 SE2d 153, 124 ALR 176. It is distinguishable from the present case. There the injury was caused by the claimed negligence of an interne in injecting a dye solution into the patient's arm. This was routine procedure for an interne preparatory to a gall bladder x-ray examination. It also involved the claimed negligence of a hospital nurse who on the next day placed a pack that was too hot on the arm.

Most of the particular cases that we have mentioned involving hospitals, doctors or nurses have to do with occurrences in the operating room. We think the same principles apply to obstetrical cases and to like occurrences in the delivery room. Obstetrics is a branch of medical science which has to do with the care of women during pregnancy and parturition. 70 CJS, Physicians & Surgeons, §1, p. 809. What was said in *St. Paul-Mercury Indemnity Co.* v. *St. Joseph's Hospital*, *supra*, 4 NW2d 637—"In the operating room, the surgeon must be the master. He cannot tolerate any other voice in the control of his Assistants"—is equally applicable to the doctor in obstetrical cases in the delivery room.

In the instant case, that doctor was selected by the plaintiff; he was not an employee of the hospital or furnished by it; he had supervision of the nurses in the delivery room and he was the one who directed the nurse to apply pressure. It follows and we hold that at that time such nurse, though a

general employee of the defendant, was not its servant in connection with the occurrence here involved.

The motion for a directed verdict should have been granted on the first ground thereof. It is not necessary to consider the other grounds of the motion.

*Judgment reversed and judgment for the defendant to recover its costs.*

Note. When this case was argued at the October Term, 1955, it was assigned to Mr. Justice Chase. At the May Term, 1956, it was reassigned to Mr. Justice Adams.