**Ervin SMICK, Bea Smick, by her Father and Guardian ad Litem, Ervin Smick and Elsie Mae Worley, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 303.**

United States District Court
D. Nevada.

Feb. 16, 1960.

Robert Callister, Las Vegas, Nev., for plaintiffs.

Howard W. Babcock, U. S. Atty., Dist. of Nevada, Arthur M. Taylor, Jr., Asst. U. S. Atty., Las Vegas, Nev., for defendant.

TAYLOR, District Judge.

Plaintiffs instituted this suit against the defendant to recover damages sustained in an automobile collision with a pickup truck owned and operated by a rural route mail carrier. The accident

occurred on March 15, 1958, at a time when the carrier was complying with the terms of a contract with the defendant to transport mail from Boulder City to Searchlight, Nevada.

Jurisdiction is based on the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). As an incident to establish jurisdiction, plaintiffs have moved this court to determine whether the contract mail carrier was an agent or employee of the defendant within the provisions of the above Act allowing suits against the United States under the doctrine of respondeat superior, or whether the carrier was an independent contractor and as such solely liable for plaintiffs' alleged damages. The defendant, in answer to the plaintiffs' motion, contends that the carrier was an independent contractor, and by reason of such status the defendant is not a proper party. In accord with this contention, defendant moves this court to dismiss the plaintiffs' complaint.

The respective parties have submitted briefs, and, after oral argument, the court took the matter under advisement. Neither briefs, nor additional research, reveal any cases in point. While the defendant cited cases holding that such a contract mail carrier is an independent contractor, those decisions are not conclusive of the matter. They were decided under statutes with social policies compelling such a result. The common law principles of agency were completely ignored. See, Thompson v. Daugherty, D.C.D.Md.1941, 40 F.Supp. 279; Magann v. Long's Baggage Transfer Co., D.C.W. D.Va.1941, 39 F.Supp. 742; Fleming v. Gregory, D.C.E.D.La.1941, 36 F.Supp. 776; and, National Labor Relations Board v. Carroll, 1 Cir., 1941, 120 F.2d 457.

Despite the absence of any controlling precedence concerning the relationship of a contract mail carrier with the United States, the means to determine the carrier's status may be found within the provisions of the Federal Tort Claims Act. The pertinent provisions are:

"Subject to the provisions of chapter 171 of this title, the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C.A. § 1346(b) (Emphasis supplied.)

"As used in this chapter and sections 1346(b) and 2401(b) of this title, the term—

* * * * * *

"'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C.A. § 2671.

The above statutory definition of "employee of the government" is too general to determine the status of the contract mail carrier in question. Therefore, this status must be determined by general principles of agency. However, the Act also lacks an unequivocal statement as to whether local law or federal law should determine the relationship, or status, of master-servant, principle-agent, or whether the individual concerned is an independent contractor. The question of which law should apply has been considered by only a few courts, but they have reached varying results. See, Courtney v. United States, 2 Cir., 1956, 230 F.2d 112 (federal law); Rufino v. United States, D.C.S.D.N.Y.1954, 126 F.Supp. 132 (federal law); and, Hopson v. United States, D.C.W.D.Ark.1956, 136 F. Supp. 804 (local law).

The Hopson case, supra, is one of the latest decisions in point. It was.

that court's opinion that the determination of the status of employee, agent, or independent contractor should be governed by local law. That view, this court believes, is more in accord with the Federal Tort Claims Act. The Act plainly states that the law of the place where the act or omission occurred should control. 28 U.S.C.A. § 1346(b), supra. This court then will look to the Nevada law for its guiding principles. This law is set forth in Wells, Inc. v. Shoemake, 1947, 64 Nev. 57, 177 P.2d 451, as follows:

"The rule is well stated, 35 Am. Jur. page 967, § 539: 'Power of Selection and Control as Determining Factor:—One of the tests of the existence of the relation of Master and servant as a basis for holding the master liable to third persons for the wrongful acts of the servant, is the power of the alleged master to select and discharge the servant. It has been held that where a person may be compelled by law to employ a particular individual in a given matter, he is not to be held liable for the delinquencies of the quasi employee. However, the relationship may exist, giving rise to liability for acts of another, notwithstanding the law restricts the employer's selection of employees to a limited class.'

"The right of selection is the basis of the responsibility of a master or principal, for the act of his agent. No one can be held responsible, as a principal, who has not the right to choose the agent from whose act the injury flows." Id., 64 Nev. at page 64, 177 P.2d at page 455.

" * * * Something more than the mere right of selection on the part of the principal, is essential to that relation. That right must be accompanied with the power of subsequent control in the execution of the work contracted for." Id., 64 Nev. at page 65, 177 P.2d at page 456.

This statement of the law emphasizes two elements: (1) the right to select the employee from a class, and, (2) the right of *subsequent control* over the work contracted for. Analyzing the defendant's contract with the mail carrier in the light of these principles, it is this court's conclusion that the carrier was an independent contractor.

Under the statutory procedure for obtaining such contracts, the element of selection is lacking. The Postmaster General is required to seek competitive bids for the contract, and from these bids he must contract with the "lowest responsible bidder". 39 U.S.C.A. § 429. He does not have the right to select the carrier from a class.

Nor does the contract provide for adequate control over the work contracted for. The contract in question is a standard form. It specifies the routine necessary to facilitate the prompt, safe and efficient transporting of the mail. In addition, it required the carrier in question to sell stamp supplies, deliver registered matter, accept and give receipts for application for money orders and the money therefor, and also for matter presented for registration, insurance and c. o. d. parcels. The bidders were well aware of the precise work required of them because the proposed contract had been advertised in advance for the purpose of bidding. It was for this detailed work that the carrier in question successfully bid. Yet, however, detailed the contract was in regard to the work contracted for, it does not provide for the necessary *subsequent control of that work* to create a principal-agent or master-servant relationship between the carrier and the defendant. Control of the means to comply with the contract are entirely within the discretion of the carrier. The defendant's only remedy, should the carrier fail to carry out the terms of the contract, is by fine or forfeiture. For these reasons the status of the carrier in question must be deemed an independent contractor.

Accordingly, defendant's motion to dismiss is granted, and the plaintiffs' complaint hereby is dismissed.