Ruth B. THOMAS

v.

UNITED STATES of America.

Civ. No. 3134.

United States District Court
D. Vermont.

Feb. 19, 1962.

Gannett, Oakes & Weber, Brattleboro, Vt., for plaintiff.

Joseph F. Radigan, U. S. Atty., Rutland, Vt., John H. Carnahan, Asst. U. S. Atty., Rutland, Vt., for defendant.

GIBSON, District Judge.

This is an action brought under the Federal Tort Claims Act for recovery of damages arising from a collision of plaintiff's automobile and an automobile operated by a star route mail carrier while delivering United States mail in accordance with her star route contract. The accident occurred on November 15, 1960. The Government contends that the carrier, Frieda Gibbs, at the time of the accident, was not an employee or servant of the Government. The Government contends that Mrs. Gibbs was an independent contractor with the Government under the star route contract. For these reasons, the defendant has moved for summary judgment on the issue of liability.

■ A summary judgment on the question of liability alone is made possible by Rule 56(c), F.R.Civ.P., 28 U.S.C.A. It can be granted only where facts set forth in detail in affidavits, depositions and admissions on record show that there are no genuine issues of fact to be tried, and where there is only a question of law as to whether the moving party is entitled to judgment. Burley v. Elgin, J. & E. Ry. Co., 140 F.2d 488 (C.C.A.Ill., 1944), affirmed 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); Dale Hilton, Inc. v. Triangle Publications, Inc., 27 F.R.D. 468 (D.C.N.Y., 1961). Here there is no disputed question of fact.

28 U.S.C. § 1346(b) provides this Court with jurisdiction of civil actions on claims against the United States for injury of the person or of property caused by the negligent or wrongful act of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred. This statute presents two questions in the case at hand. Was Frieda Gibbs an employee of the Government, or was she an independent contractor? If she were an employee, would a private person be liable under the law of Vermont in the circumstances presented in this action?

Mrs. Gibbs obtained her star route contract by competitive bidding. The contract was signed on June 5, 1957, to be in effect for a term of four years. The Government had no choice in selecting the person with whom it would contract, as compliance with the statute requires the contract to be made with the lowest responsible bidder.

■ Whether or not Frieda Gibbs was an employee of the United States Government within the meaning of 28 U.S.C. § 1346(b) as she performed this contract is a federal question based upon federal statutory interpretation. Courtney v. United States, 230 F.2d 112, 57 A.L.R.2d 1444 (C.C.A.2nd Cir., 1956); Rufino v. United States, 126 F.Supp. 132 (D.C.S.D.N.Y., 1954). A definition of "employee of the government" is set out in 28 U.S.C. § 2671. The term includes:

" * * * officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

■ Since these statutory provisions are not sufficiently definitive, the general principles of agency must be referred to in determining Frieda Gibbs' status as a star route mail carrier.

■ The main distinguishing factor between a servant or employee on the one hand and an independent contractor on the other, is that of control over the details of the actual performance of worker's duties. That is, there is no detailed control in the case of an independent contractor. See Restatement of the Law of Agency, Sec. 2; 35 Am.Jur. Master and Servant, Sec. 5; and while Vermont law as to who is an independent contractor is not controlling, see Minogue v. Rutland Hospital, Inc., 119 Vt. 336, 125 A.2d 796 (1956). In this case, the only control or right to control retained or exercised by the Government was limited to control of the result of the work to be performed, that is, the accomplishment of the delivery of the mail. It is true that the star route contract contained a number of provisions indicating the right of the Government to insure that proper results were obtained, but these provisions did not amount to a control of the manner and method in which the actual delivery of the mail was made, or of the conduct of the carrier along the route. Control of the means to comply with the contract was entirely in Mrs. Gibbs. The Government's only remedy for her failure to perform under the contract was by fine or forfeiture.

There are facts other than that of control to which reference should be made in order to determine Mrs. Gibbs' status as a star route carrier. The total situation should be examined. United States v. Silk, 331 U.S. 704, 719, 67 S.Ct. 1463, 1471, 91 L.Ed. 1757 (1947); see also Restatement of the Law of Agency, Sec. 220(2), which lists nine matters of fact which should be considered, among others. One factor here indicating that this was not a master-servant relationship is that the Contracting Officer of the Government had no choice in who was to obtain the employment. There must be competitive bidding, and the contract must be awarded to the lowest responsible bidder. Likewise, the Government had no choice over discharge of Mrs. Gibbs except under the cancellation provisions of the contract. Another factor indicating that Mrs. Gibbs was an independent contractor rather than an employee is the fact that it was a venture in which the risk and the opportunity for profit were entirely upon her. She furnished her own equipment to perform the work, and hired her own substitutes when she was unable to give her personal service. Further, the statutes and regulations contemplate that the star route carrier have a different relationship with the postal department and the persons receiving mail than exists with the regular postal department employees and carriers. This is particularly evidenced in the provisions relating to the duties of the star route carrier with respect to registered, insured and C.O.D. mail. The carrier is functioning as an agent of the person who is to get the mail, as the regulations elsewhere expressly state. Lastly, the fact that Mrs. Gibbs was paid according to her own calculations and that none of the usual deductions that normally are taken from government employees' wages were taken

from her monthly installment, indicates that she was not an employee of the United States.

For the reasons enumerated, I find as a matter of law that Frieda Gibbs was not an employee of the United States at the time of the accident, as contemplated in 28 U.S.C. §§ 1346(b) and 2671. Smick v. United States, 181 F.Supp. 149 (D.C.Nev., 1960). Determining this much takes the claim asserted out of the Federal Tort Claims Act, and thus precludes further question of the Government's liability in this case. Therefore the motion for summary judgment is hereby granted.