**Billy E. DUNN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 15353.**

United States Court of Appeals Sixth Circuit.

Jan. 9, 1964.

C. M. Murphy, Memphis, Tenn., for appellant, Murphy & Jarvis, Memphis, Tenn., of counsel.

John C. Eldridge, Dept. of Justice, Washington, D. C., for appellee, John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Thomas L. Robinson, U. S. Atty., Memphis, Tenn., on the brief.

Before CECIL and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

Plaintiff, Billy E. Dunn, as an employee of Memphis Coach Company, Inc., contracted the occupational disease known as lead poisoning. It may be assumed that the negligence of his employer in failing to provide him with a reasonably safe place to work, brought about Dunn's illness. At all times involved, Dunn's employer had a contract with the United States for the manufacture of service ambulances. The contract between Memphis Coach and the United States contained the stipulation as to the employer providing a safe place for its employees, as required by the Walsh-Healy Act (Title 41 U.S.C.A. § 35(e)). During the course of the performance of the contract for the ambulances, the United States had inspectors checking on the work to see that the ambulances complied with the contract specifications. The United States did not own or control the premises where the work was being done, nor provide any material used.

Early in the performance of the contract Memphis Coach fell down on its performance of the contract and Universal Factors Acceptance Corporation, which had provided Memphis Coach with the financing necessary to its government contract, took over performance of the work. There was some interlocking ownership and executive control between Memphis Coach and Universal Factors. No new contract was made between the United States and Universal Factors to whom all monies due under the contract were assigned.

Plaintiff's complaint relies on the Federal Tort Claims Act (Title 28 U.S.C.A. § 1346(b)) for its assertion of the liability of the United States. It charges that because the work in which plaintiff was engaged was extra hazardous, the government had a non-delegable duty to provide the plaintiff with a safe place to work. Seemingly conceding that if Memphis Coach had, as an independent contractor, completed the job there would be no liability, plaintiff asserts the circumstances of Universal Factors taking over as providing grounds to fix liability upon the government. Plaintiff places principal reliance upon the case of Pierce v. United States, 142 F.Supp. 721 (D.C. Tenn., 1955), affirmed sub nom. United States v. Pierce, 235 F.2d 466 (CA 6, 1956.) The following recital in this Court's opinion in that case immediately discloses its inapplicability to the case at bar:

> "Appellee, an electric lineman, was severely injured while aiding in the replacement of guy wires on a junction pole in an electrical substation at the Volunteer Ordnance Works, *a government owned munitions plant near Chattanooga, Tennessee.*" (Emphasis supplied)

In the case at bar, the United States did not own or control the premises in which the ambulances were being manufactured. It provided none of the equipment or supplies used in the manufacturing process. Plaintiff maintains that Universal Factors' connection with the matter is a circumstance which distinguishes this case from those which announce the general rule that the government would not be liable for the conduct of an independent contractor which

performed its work in its own shop, and with its own materials. We fail to find the distinction asserted. The facts stated in plaintiff's amended complaint do not, in our opinion, disclose a cause of action.

Judgment affirmed.