**Claire Irene FISHER, Administratrix of the Estate of Virgil Franklin Fisher, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 16404.**

United States Court of Appeals Sixth Circuit.

Feb. 21, 1966.

Donald P. Traci, Cleveland, Ohio, for appellant, Spangenberg, Hasenflue & Shibley, Cleveland, Ohio, on the brief.

Morton Hollander, Atty., Dept. of Justice, Washington, D. C., for appellee, John W. Douglas, Asst. Atty. Gen., Michael W. Werth, Atty., Dept. of Justice, Washington, D. C., Joseph P. Kinneary, U. S. Atty., Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio, on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Claire Irene Fisher, plaintiff-appellant, brought this action in the United States District Court for the Southern District of Ohio, Eastern Division, against the United States, under the Federal Tort Claims Act. (Sections 1346 (b),[1] 2671,[2] et seq., Title 28, U.S.C.) The plaintiff-appellant is the duly qualified and acting administratrix of the estate of her husband, Virgil Franklin Fisher. She brought the action for the wrongful death of her husband alleged to have been caused by the negligence of an employee of the United States. Ohio Rev. Stat. ch. 2125 (1964).

The deceased met his death as a result of injuries sustained in a collision between an automobile in which he was riding and an automobile being driven by one Albert A. Heskett. Heskett was driving a 1961 Ford Econoline truck for Walter C. Thompson who had a star route contract with the United States Post Office for the transportation of mail between Zanesville, Ohio, and Coshocton, Ohio. The truck was being driven by Heskett in the performance of Thompson's contract at the time the accident happened.

The question presented on this appeal is whether Heskett was an employee of the United States within the meaning of

[1] (b) Subject to the provisions of chapter 171 of this title, the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

[2] "Federal agency" includes the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States.

the Federal Tort Claims Act. On a motion for summary judgment (Rule 56, Federal Rules Civil Procedure) the district judge held that Thompson was an independent contractor and that Heskett was not an employee of the United States. He sustained the motion for summary judgment and the plaintiff-appellant appealed.

■ There are no disputed facts material to the issue before us and the question presented is one of law. The general rule to determine whether a relationship is that of employer and employee or independent contractor may be stated as follows:

"If the right to control the manner or means of performing the work is in the person for whom the work is performed, the relationship is that of employer and employee or master and servant; but if the control of the manner or means of performing the work is delegated to the person performing the work, the relationship is that of independent contractor." Behner v. Indus. Comm., 154 Ohio St. 433, 437, 96 N.E.2d 403, 405.

The principle is substantially the same under either Ohio or Federal law. Commercial Motor Freight v. Ebright, 143 Ohio St. 127, 135, 54 N.E.2d 297, 151 A.L.R. 1321; Bobik v. Indus. Comm., 146 Ohio St. 187, 64 N.E.2d 829; Standard Oil Co. v. Anderson, 212 U.S. 215, 221, 29 S.Ct. 252, 53 L.Ed. 480; Strangi v. United States, C.A.5, 211 F.2d 305, 307. The question of who is a federal employee for the purposes of the Tort Claims Act is governed by federal law. Courtney v. United States, 230 F.2d 112, 114, C.A. 2; Blackwell v. United States, 321 F.2d 96, 98, C.A. 5; Brucker v. United States, 338 F.2d 427, 428 (footnote 2), C.A. 9, cert. den. 381 U.S. 937, 85 S.Ct. 1769, 14 L.Ed.2d 701; Pattno v. United States, 311 F.2d 604, 605, C.A. 10, cert. den. 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed. 2d 412.

■ We conclude from our examination and analysis of the star route contract here in question that the relationship is that of independent contractor. Heskett was not an employee of the United States. See Smick v. United States, D.C., 181 F.Supp. 149; Thomas v. United States, D.C., 204 F.Supp. 896.

■ We find no merit to plaintiff-appellant's contention that the letting of this contract by the Post Office was a non-delegable duty. Pierce v. United States, D.C., 142 F.Supp. 721,[3] cited by plaintiff-appellant in support of her theory of non-delegable duty is not analogous to the case at bar. This case involved the doctrine of non-delegable duty under Tennessee law. As the court said at p. 729:

"In the first instance the government was guilty of negligence in erecting and maintaining the substation in a condition hazardous to workmen."

Also, the government was in control and possession of the premises where the accident happened.

Non-delegable duty was well defined by the court at p. 734, as follows:

"As the doctrine of nondelegable duty is applied in this state it is not a rule of strict liability regardless of fault. Negligence is required, the sole effect of the doctrine being to preclude the owner-employer from escaping liability for negligence which was a proximate cause of injury on the ground that others may have been guilty of negligence, which was also a proximate cause of injury. As in any other case the basis of liability is negligence."

See also, Mahoney v. United States, D.C., 220 F.Supp. 823, 826.

In Covington and Cincinnati Bridge Co. v. Steinbrock & Patrick, 61 Ohio St. 215, 55 N.E. 618, also cited by plaintiff-appellant, the owner was responsible for maintaining a hazardous condition. He left standing the walls of a building de-

3. Affirmed 235 F.2d 466, C.A. 6.

stroyed by fire. This was held to be a menace to the public and the property of others in the vicinity.

There was nothing unusually hazardous about letting a contract to someone for carrying mail in a truck over the highways of the state. Nor was the United States negligent in letting such a contract. Obviously the United States was not in control of the premises at the site of the accident. Clearly the doctrine of non-delegable duty is not applicable to the facts of the case now before us.

The United States was not a common carrier under the facts of this case. Neither the argument nor the cases cited relative to liability of common carriers is applicable here.

The judgment of the District Court is affirmed.