Lucille Lang **BARDON**, Plaintiff,
v.
**UNITED STATES** of America,
Defendant and Third-Party
Plaintiff,
v.
**COPCO REALTY COMPANY**, Third-
Party Defendant.

Civ. No. 6675.

United States District Court
S. D. Ohio, E. D.

Nov. 23, 1967.

Russell H. Volkema, Columbus, Ohio, for plaintiff.

Robert A. Bell, Asst. U. S. Atty., for the United States.

Wilbur W. Jones, of Crabbe, Newlon, Bilger, Brown & Jones, Columbus, Ohio, for Copco.

## OPINION AND ORDER

KINNEARY, District Judge.

This is an action under the Federal Tort Claims Act, Title 28, United States Code, Sections 1346(b), 2671 and 2674, to recover damages for injuries sustained by plaintiff, Lucille Lang Bardon. The case was tried by the Court without a jury in conformity with the provisions of the Tort Claims Act.

On July 5, 1962, at approximately 11:30 P.M., Mrs. Lucille Lang Bardon, while in the company of her cousin, Jacob Lang, came to the premises known as 197 East Gay Street, Columbus, Ohio, for the purpose of transacting business with the Social Security Office located therein.

The main entrance to this building is situated on East Gay Street. Admission through this entrance is accomplished by passing through a set of double doors into the first floor lobby. The first floor lobby is covered with a smooth asphalt tile. This floor is level throughout, although a slight variation of about one inch exists between the height of the outside step and the lobby floor.

As she approached the premises, Mrs. Bardon held onto the arm of Jacob Lang. Upon reaching the main entrance, she released Mr. Lang's arm in order to permit him to open the door for her. Mr. Lang opened the door and Mrs. Bardon walked into the building unassisted. After entering the lobby, Mrs. Bardon took one or two steps, slipped and fell upon the lobby floor. As a result of the fall, Mrs. Bardon sustained a fractured hip.

July 5, 1962, was a dry, clear day in Columbus, Ohio. Moreover, on this date the first floor lobby was clean, unobstructed, dry and covered with a nonskid wax. There is no evidence that an accumulation of wax existed on this floor on this date; nor is there any evidence that the wax on this floor on this date was improper or improperly applied. There were no protective floor mats covering the first floor lobby on July 5, 1962. Substantial numbers of federal employees and members of the public used the first floor lobby on July 5, 1962, without reported incident.

On July 5, 1962, defendant United States of America occupied the described premises as lessee. Under the terms of the lease existing between Copco Realty Company (Copco), as lessor, and the United States, Copco was obligated to maintain and repair the premises in all respects. Copco employed an independent contractor, Harley G. Spreng of the Spreng Realty Company, to perform maintenance of the leased premises.

The Court's jurisdiction to entertain this action has been contested by defendant United States and third-party defendant Copco Realty Company. Those parties point out that Title 28, United States Code, Section 1346(b) gives jurisdiction to the federal courts to hear suits for:

> Personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

They contend that an independent contractor had the responsibility for maintaining the premises and therefore any defect in the care or condition of the lobby floor was due to the independent contractor's negligence alone. Consistent with this defense, defendant United States offered no evidence to refute or overcome the allegation that plaintiff was injured as a result of the danger-

ously slippery condition of the lobby floor.

However, while this contention is valid in regard to the actual creation of a dangerous condition, it fails to take into account other possible wrongful acts or omissions on the part of some government employee. Under the law of Ohio, a person in possession and control of a store, or other similar place of business, who invites people into the premises, may be liable to a patron who is injured because of the dangerously slippery conditions of the floors. Boles v. Montgomery Ward and Co., 153 Ohio St. 381, 92 N.E.2d 9 (1950); J. C. Penny Co. v. Robinson, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 705 (1934). However, before the operator may be held liable in such a situation, it must be proven that the operator, through its officers or employees, had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Johnson v. Wagner Provision Co., 141 Ohio St. 584, 49 N.E.2d 925 (1943).

Hence, irrespective of whoever created the hazardous or dangerous condition, once in existence it could well become the duty and responsibility of the operator of the premises to give adequate notice of its presence or correct it promptly. Since it is fundamental that the government can only function through its agents or employees, some governmental agency or official must have had responsibility for possession and control of the premises. Moreover, once a duty is imposed on the government, and a breach thereof has been established, it is not necessary for a party seeking to hold the government liable for such breach to name or identify specifically the particular official who was responsible for such duties. Pierce v. United States, 142 F.Supp. 721 (S.D.

Tenn.1955), affirmed 235 F.2d 466 (6th Cir. 1956).

The allegations in plaintiff's complaint clearly state that this action arises under Title 28, United States Code, Section 1346(b), and that matter in controversy, exclusive of interest and costs, exceeds the sum of Ten Thousand Dollars ($10,000.00). It is, therefore, apparent that plaintiff is seeking to invoke jurisdiction by virtue of Title 28, United States Code, Section 1331.

Under Section 1331, federal jurisdiction will be established if the complaint claims a right to recovery under the Constitution and laws of the United States, unless such claim is immaterial and made solely for the purposes of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946).

It is the opinion of this Court that plaintiff's claim under Section 1346(b) is indeed relevant to the determination of her rights and has substance. Therefore, the only question left for determination by this Court is whether plaintiff has established a prima facie case.

The six elements which make up plaintiff's cause of action are:

1. That defendant was in possession and control of the premises;
2. That plaintiff was on the premises as a business visitor;
3. That the first floor lobby was in a dangerously slippery condition;
4. That the defendant, having actual knowledge of such dangerous condition, failed to warn the public against it or correct it promptly;
5. That plaintiff's injuries were proximately caused by the dangerously slippery condition of the floors; and
6. Damages.

The first two elements of plaintiff's case are easily satisfied. The United States was in possession and control of the premises as the building was

entirely occupied by governmental agencies. Furthermore, Mrs. Bardon came to the premises to transact business with the Social Security Office. She was therefore a business visitor.

■ In regard to the third element of plaintiff's case, she has failed to sustain her burden of proof. The Court finds that the evidence does not establish that the first floor lobby floor was in a dangerously slippery condition at the time of plaintiff's accident.

· Therefore, the accident and any resulting injuries to Mrs. Bardon were not caused by the negligence of the United States of America, or its officers, agents or employees.

Whereupon, the Court determines that Mrs. Bardon is entitled to no relief and therefore judgment should be entered in favor of defendant United States of America and third-party defendant Copco Realty Company. The Clerk will enter judgment accordingly.