944

Irving L. NORTON a/k/a I. L. Norton, and Dana Norton, Plaintiffs,

v.

Edmond L. MURPHY and United States of America, Defendants.

Civ. A. No. 80–HC–678.

United States District Court, D. Colorado.

May 7, 1981.

Clifford Fossum, Dilts, Dyer & Fossum, Cortez, Colo., for plaintiffs.

Stanley M. Morris, Cortez, Colo., for defendant Edmond L. Murphy.

Joseph Dolan, U. S. Atty. by Daniel R. Christopher, Asst. U. S. Atty., Denver, Colo., for defendant United States of America.

OPINION AND ORDER

CHILSON, Senior District Judge.

On February 1, 1979, the defendant, Murphy, was engaged in the transportation and delivery of United States Mail in a rural area of Colorado by means of a motor vehicle. At that time, plaintiffs claim Murphy's motor vehicle struck the plaintiff, Irving L. Norton, a pedestrian.

In May 1980, the plaintiffs instituted this action alleging that Murphy was negligent in the operation of his motor vehicle and

seek to recover damages from the United States and Murphy for damages resulting from Murphy's alleged negligence. The basis for the plaintiffs' claims against the United States is that at the time of the incident, Murphy was an employee of the United States and by virtue of 28 U.S.C. § 1346(b), the United States is liable to plaintiffs for their damages resulting from Murphy's alleged negligence.

Section 1346(b) provides in essence that subject to the provisions of the Federal Tort Claims Act, the United States may be sued for money damages caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his employment.

The United States denies Murphy was an employee of the United States and filed a motion for summary judgment or dismissal of the action as to the United States on the ground that Murphy was a "contractor with the United States" and not an employee and since 28 U.S.C. § 2671 (the Federal Tort Claims Act) specifically provides that § 1346(b) does not apply to a "contractor with the United States", the United States is not liable for Murphy's alleged negligence.

■ The sole issue raised by the motion for summary judgment is whether at the time of the incident, Murphy was an "employee" of the United States or was a "contractor with the United States".

Briefs and documentary evidence were filed in support of and in opposition to the motion and hearing of the motion was had in open court.

The motion is now before the Court for determination.

There is no genuine issue of material fact involved in the determination of the motion.

The pertinent undisputed facts and the law applicable thereto follows.

In August 1969, the United States entered into an agreement with Murphy entitled "Star or Water Route Contract" (Exhibit 1) By the terms of that contract, Murphy agreed to transport and deliver mail in a rural area of Colorado for an agreed compensation for the period from August 30, 1969, to June 30, 1972.

In 1970, Congress passed the Postal Reorganization Act of 1970, which became effective January 20, 1971.

When Murphy's Star Route Contract expired in June 1972, Murphy continued to transport and deliver mail to the same rural area, but under a contract (Exhibit 3) entered into between the United States Postal Service and Murphy. This contract covered the period from July 1, 1978, to June 30, 1982, and is entitled "Transportation Services Renewal Contract".

Federal Court decisions have construed the Star Route Contracts and determined that the rural carriers of mail thereunder were independent contractors and not employees. *Smick v. United States*, 181 F.Supp. 149 (D.Nev.1960); *Thomas v. United States*, 204 F.Supp. 896 (D.Vt.1962); *Fisher v. United States*, 356 F.2d 706 (6th Cir. 1966).

Various tests were applied in the above cases.

In *Smick*, the Court stated that the right of selection and the power of subsequent control of the carrier in performing the work contracted for should be considered in determining whether the carrier was an employer or an independent contractor.

In *Thomas*, the Court held the main distinguishing factor between an employee on the one hand, and an independent contractor on the other is that of control over the details of the actual performance of the workers' duties, and further stated:

"In this case, the only control or right to control retained or exercised by the government was limited to control of the result of the work to be performed, that is the accomplishment of the delivery of the mail.

"It is true that the Star Route contract contained a number of provisions indicating the right of the government to insure that proper results were obtained, but these provisions did not amount to a control of the manner and method in which the actual delivery of the mail was made,

or of the conduct of the carrier along the route."

In *Fisher*, the Court held the test to be the government's control of the manner or means of performing the work.

In 1975, the Tenth Circuit Court of Appeals considered the same question in *Tunder v. United States*, 522 F.2d 913, and held that a carrier under a Star Route Contract was an independent contractor and not an employee and in support thereof, cited the foregoing cases and stated:

"We subscribe to the result and rationale of those cases and conclude that on the record before it, the trial court did not err in entering summary judgment for the United States."

Prior to the Postal Reorganization Act, the United States was required to select a rural carrier by competitive bidding. The Reorganization Act provides that the United States Postal Service has the option of selection by competitive bidding or a negotiated contract. 39 U.S.C. § 5212.

Plaintiffs contend that this freedom in the selection process requires the conclusion that Murphy was and is an employee, citing the *Smick* and *Thomas* cases. *Smick* and *Thomas* recognize that freedom of selection may be a factor to be considered only if accompanied with the power of subsequent control of the execution of the work to be performed. Something more than the mere right of freedom of selection is essential to the relationship of employer and employee.

The question of the control of Murphy's work by the Postal Service is discussed later in this opinion.

The plaintiffs also argue that the differences in the wording of the two contracts are such that *Smick, Thomas, Fisher*, and *Tunder* are not applicable to this action and that under the new contract, (Exhibit 3) the carrier is an "employee" and not a "contractor".

In comparing the provisions of the new contract (Exhibit 3) with those of the Star Route Contract (Exhibit 1) we find no differences which support plaintiffs' contention.

The new contract by its terms defines the carrier as a "contractor" and is so referred to throughout the contract.

It is clear that the basic purpose of both contracts was to provide for the transportation and delivery of mail by motor vehicle to a rural area in Colorado designated in both contracts as "Route No. 81366".

Under the terms of both contracts, the carrier was required, among other things, to furnish vehicles and other equipment necessary to transport and deliver the mail along the prescribed route, to pay all expenses incurred by the carrier in performing the services including the expense of operating and maintaining his equipment, and to provide and carry liability insurance on the equipment at his own expense.

The contract permits the carrier to subcontract the work or to hire employees at his own expense to do the required work.

We find in the contract no provision from which it can be reasonably inferred that the contract compensation was "wages". To the contrary, paragraph 11 of the general provisions of the new contract indicates that the contract compensation covered much more than mere remuneration for the carrier's labor.

It is clear that the contract compensation is intended to cover the expenses of the carrier for the maintenance and operation of his equipment, a reasonable return on the carrier's investment in equipment, and return to the carrier a profit to compensate him for his work.

We now address the question of control of the method and means by which the carrier performed the contract.

Both contracts describe in detail the service requirements imposed upon the carrier in discharging his obligation under the contracts to transport and deliver the mail. (See paragraphs 4, 5, 6, 7, and 8 of the general provisions in the Star Route Contract and paragraph 4 of the general provisions of the new contract). Although the service requirements in the two contracts are differently worded, in essence they are quite similar.

The Court finds that the foregoing provisions of both contracts did not amount to a control of the manner and method in which the actual delivery of the mail was made, or of the conduct of the carrier along the route, but merely indicate the right of the government by these provisions to insure that the mail would be properly transported and delivered in accordance with the intent of the contract.

Considering the new contract in its entirety and in the light of the decisions in the *Smick, Thomas, Fisher,* and *Tunder* cases, cited above, the Court concludes that under the new contract, Murphy was not an employee of the United States Postal Service, but was and is an independent contractor. The motion of the United States for summary judgment of dismissal should be granted.

■ Without the United States as a party, this Court is without jurisdiction to adjudicate any claims of the plaintiffs against the defendant, Murphy. Consequently, the complaint and all claims of the plaintiffs therein against both defendants should be dismissed. The claims against the United States should be dismissed with prejudice. However, the claims against Murphy should be dismissed without prejudice to the right of the plaintiffs to pursue their claims against Murphy in a court of competent jurisdiction.

### ORDER

IT IS THEREFORE ORDERED that the motion of the United States for summary judgment of dismissal of this action as to it is hereby granted.

IT IS FURTHER ORDERED that final judgment of dismissal of this action against the United States, with prejudice, be forthwith entered and judgment in favor of the United States and against the plaintiffs be forthwith entered for the taxable costs of the United States to be taxed by the Clerk of the Court upon the filing of a bill of · costs within ten days from this date.

IT IS FURTHER ORDERED that final judgment of dismissal of this action against the defendant, Edmond L. Murphy, be forthwith entered without prejudice to the plaintiffs pursuing their claims against the defendant, Edmond L. Murphy, in a court of competent jurisdiction.